WILLIAM W. WENZEL ET AL. *v.* THE TOWN OF DANBURY ET AL.

KING, C. J., MURPHY, ALCORN, COMLEY and HOUSE, Js.

Argued May 4—decided June 22, 1965

*Harry Cohen,* for the appellants (plaintiffs).

*H. LeRoy Jackson,* for the appellees (defendants), with whom were *Charles A. Hallock,* for the appellees (named defendant and defendant Sauer), and *Morton I. Riefberg,* for the appellees (defendant city of Danbury and defendant Bowman).

COMLEY, J.  The plaintiffs challenge the constitutionality of the portion of the Home Rule Act (General Statutes, c. 99), which provides for the adoption of consolidation ordinances, and they also attack the validity of such an ordinance alleged to have been illegally adopted by the town and city of Danbury under General Statutes §§ 7-195 and 7-197.

There are four plaintiffs.  One sues as a resident, elector and taxpayer of the town; another, as a resident, elector and taxpayer of both town and city; another, as a resident and elector of the town of New Milford who owns taxable property in the town of Danbury; and the fourth, as a physically incapacitated resident, elector and taxpayer who is eligible to vote by absentee ballot.  The complaint is in six counts.  At the end of each count is a prayer for a declaratory judgment determining whether the ordinance is invalid as to one or more of the plaintiffs for reasons specified in that count.  At the end of the complaint is a prayer for injunctive relief if the ordinance is declared invalid under any of the six counts.

The case was referred to a state referee, acting as a committee.  His report was accepted by the court, and judgment dismissing the action was rendered for the defendants on the ground that the court lacked jurisdiction since none of the plaintiffs had standing to maintain the action.  We need not be particularly concerned with the validity of

the court's theory. If the judgment was correct it must stand. *Hoffman* v. *Kelly,* 138 Conn. 614, 617, 88 A.2d 382; *Dillon* v. *American Brass Co.,* 135 Conn. 10, 16, 60 A.2d 661.

It is clear that the defendants were entitled to judgment for the reason that a declaratory judgment in favor of the plaintiffs or any one of them could not properly be rendered. Section 309 of the Practice Book provides: "The court will not render declaratory judgments upon the complaint of any person: . . . (d) unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof." We have consistently insisted on a strict observance of this rule. *DeForest & Hotchkiss Co.* v. *Planning & Zoning Commission,* 152 Conn. 262, 270, 205 A.2d 774; *National Transportation Co.* v. *Toquet,* 123 Conn. 468, 484, 196 A. 344. A judgment declaring invalid the ordinance consolidating the town and city of Danbury might adversely affect the interests of many citizens. There are probably many who would support the stand taken by the plaintiffs. It is obvious that there must be many who would oppose that position since a majority voted in favor of the ordinance. Likewise, the pecuniary effect on the taxpayers is not uniform. It is apparent from the report of the committee that although some taxpayers will be required to pay more, others will pay less. These diverse interests are entitled to be heard. It would, of course, be impractical to require that all of them be made parties to the action. In such a situation the requirement of reasonable notice applies. *National Transportation Co.* v. *Toquet,* supra. The plaintiffs made no attempt to conform to Practice Book § 309 (d), and no notice of any kind was ordered or given.

Since the plaintiffs' request for a declaratory judgment must be dismissed, it follows that their claim for injunctive relief must likewise fail. Such relief is, in this case, merely incidental or ancillary to their claim for a declaration that the ordinance is invalid.

There is no error.

In this opinion the other judges concurred.