THOMAS P. GANNON *v.* WILLIAM J. SANDERS ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

1

Argued June 7—decided July 2, 1968

*Paul Smith,* with whom, on the brief, was *John A. Mettling,* for the plaintiff.

*Walter M. Pickett, Jr.,* for the defendant town of Bridgewater et al.

*F. Michael Ahern,* assistant attorney general, with whom, on the brief, was *Robert K. Killian,* attorney general, for the named defendant et al.

ALCORN, J.  The parties would, by this reservation, have this court render a declaratory judgment concerning the efficacy of the steps taken to establish a regional school district as authorized by chapter 164, part III, of the General Statutes.

The action was commenced by a complaint which sought only an injunction declaring the formation of the district to be null and void along with any other appropriate equitable relief.  The defendants

who were thus sought to be enjoined were the state commissioner of education, the state board of education, two selectmen of the town of Bridgewater, three selectmen of each of the towns of Roxbury and Washington, and the three named towns as municipalities. After the case was returned to the Superior Court, the regional board of education of the contested school district and the individual members of that board were cited in as additional defendants, the original prayers for relief were abandoned, and, instead, the plaintiff sought a declaratory judgment determining that the creation of the district was null and void, an injunction restraining the defendants "from doing or causing to be done any acts or orders pursuant to the provisions of the purported new school district, and from the payment of any expenditures from the funds of any of the three towns in such purported school district" and any other appropriate equitable relief.

The Superior Court ordered that notice of the institution and pendency of the action be given to the taxpayers and voters of the towns of Bridgewater, Roxbury and Washington by publication in a newspaper and that return be made to the court that such notice had been given. The record does not disclose that any return of compliance with that order of notice was made to the court, but an examination of the file discloses such a return. It does not appear, however, that the return was ever brought to the court's attention or that the notice was determined by it to be reasonable and sufficient.

From the record, it also appears that no pleading addressed to the complaint has ever been filed by any of the defendants. Again, an examination of the file discloses, however, that the complaint was demurred to on the grounds, first, that the members

4

of the regional board of education of the district were necessary parties and, second, that the plaintiff is not entitled to the relief sought because "he is not an elector and tax payer in the Towns of Washington and Bridgewater [sic]" and because the question of the legality of the district is solely for the determination of the state board of education since education is a state function.

It was following the filing of this demurrer that the plaintiff sought and obtained the joinder of the regional school board and its members as defendants. The demurrer remains unresolved on its second ground, however, and no further pleading has been filed. Thus, no issue has been joined, and the case is not ready for final judgment in the trial court. "The only questions that can be properly considered on a reservation are such as pertain to the proper disposition of the cause on the issues formed by the pleadings, and such facts as may be ascertained by agreement or determined by a finding or verdict." *Bronson* v. *Thompson,* 77 Conn. 214, 219, 58 A. 692; see General Statutes § 52-235; Practice Book § 738.

On this state of the record, the parties joined in a stipulation requesting the court to reserve the case for our advice on the questions printed in the footnote.[1] Pursuant to that stipulation, the court reserved those questions for our consideration.

[1] The questions upon which advice is desired are as follows:

"Was the holding of said second referendum on August 11, 1967 contrary to the statutes in one or more of the following respects:

a) No Temporary Regional School Study Committee was in existence.

b) The defendant towns failed to appoint new committees to fulfill the requirements of Section 10-45 of the General Statutes.

c) Said Section 10-45 does not provide for more than one referendum."

During oral argument of the case, counsel for the defendant towns, the defendant selectmen and the defendant regional district board stated, without dissent from other counsel, that the introductory paragraph of the questions reserved should be considered to be: "Was the holding of said second referendum on August 11, 1967 contrary to the statutes in one or more of the following respects and therefore is Regional School District No. 12 null and void:"

The foregoing recital demonstrates the casual and unorthodox manner in which the parties have seen fit to invoke the limited and "novel method of judicial procedure" for a declaratory judgment. *Braman* v. *Babcock*, 98 Conn. 549, 556, 120 A. 150. We are, in short, asked for an opinion on questions, in part reserved by the court and in part orally amended in argument, which are said to be determinative of a case in which the issues have not yet been closed in the trial court. Furthermore, we cannot overlook the absence of any determination by the court that the voters and taxpayers of the defendant towns who would have an interest in the outcome of this litigation have had reasonable notice of the institution and pendency of the action. The parties have stipulated that such notice was given. We have consistently insisted that no declaratory judgment will be rendered unless all persons having an interest in the subject matter are parties to the action or have reasonable notice thereof. Practice Book § 309 (d); *Wenzel* v. *Danbury*, 152 Conn. 675, 677, 211 A.2d 683. It should not lie in the power of those who are parties to the action to establish, by agreement between themselves, that other interested persons have had reasonable notice of the action. That essential is for the determination of the court.

Beyond that, we are confronted with an issue as to the standing of the plaintiff to bring the action at all. We turn then to that jurisdictional question. *Rothkopf* v. *Danbury,* 156 Conn. 347, 351, 242 A.2d 771. Jurisdiction of the subject matter cannot be conferred on this court merely by a reservation for advice from the trial court; *Hoblitzelle* v. *Frechette,* 156 Conn. 253, 255, 240 A.2d 864; nor by the silence or agreement of the parties. *Liebeskind* v. *Waterbury,* 142 Conn. 155, 159, 112 A.2d 208.

We have reiterated many times that, as a fundamental concept of judicial administration, no one is entitled to set the machinery of the courts in motion unless it be for the purpose of "obtaining redress for an injury he has suffered or to prevent an injury he may suffer, either in an individual or representative capacity." *Waterbury Trust Co.* v. *Porter,* 130 Conn. 494, 498, 35 A.2d 837; *Wexler Construction Co.* v. *Housing Authority,* 149 Conn. 602, 605, 183 A.2d 262, and cases cited; *Tyler* v. *Board of Zoning Appeals,* 145 Conn. 655, 661, 145 A.2d 832. An action for a declaratory judgment "is not a procedural panacea for use on all occasions." *Liebeskind* v. *Waterbury,* supra, 158. It is a special statutory proceeding. General Statutes § 52-29; *Connecticut Savings Bank* v. *First National Bank & Trust Co.,* 133 Conn. 403, 409, 51 A.2d 907. Under the rules adopted to implement the statute, "[t]he court will not render declaratory judgments upon the complaint of any person: (a) unless he has an interest, legal or equitable, by reason of danger of loss or of uncertainty as to his rights or other jural relations; or (b) unless there is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires

settlement between the parties . . . ." Practice Book § 309.

The only allegation in the complaint as to the plaintiff's interest in the creation of the regional school district or its effect on the plaintiff is that he is a resident, a taxpayer and a selectman in Bridgewater and, as such, that he has an interest in that town's expenditures and in its educational policies. The stipulated facts do not expand this allegation in any respect. In fact they are identical except for the fact that the plaintiff is now agreed to be a "former selectman." The plaintiff makes no claim, either in his brief or in oral argument, concerning his standing to seek a declaratory judgment or an injunction. He makes no effort either to allege or to show how any of his rights are affected by the actions complained of. All defendants, except the commissioner of education and the state board of education, although they do not contest the point, state that "there is serious question in . . . [their] minds . . . as to the standing of the plaintiff to seek the relief he asks."

"To test the right of the . . . [plaintiff] to maintain this action, it is necessary to examine the precise grounds on which it is based." *McGee* v. *Dunnigan*, 138 Conn. 263, 265, 83 A.2d 491. In March, 1965, the towns of Bethlehem, Bridgewater, Roxbury, Sherman and Washington voted to establish a regional school district study committee. General Statutes § 10-39. During the study Bethlehem withdrew. Bridgewater, Roxbury, Sherman and Washington continued with the study, and, on a favorable report of the study committee and approval by the state board of education, the four towns held a referendum vote on the establishment of a regional school district. § 10-45. Bridgewater, Roxbury and

Washington voted favorably on a plan, but Sherman rejected it. Thereafter, Bridgewater, Roxbury and Washington chose a new study committee, which reported favorably on a plan the day after it was appointed, and the state board of education approved the plan. A referendum on this proposal was held in June, 1967, in Bridgewater, Roxbury and Washington, and the vote was favorable in Bridgewater and Roxbury but unfavorable in Washington. In July, 1967, the same three towns voted to hold another referendum on the proposal. Each one did so, and, in August, 1967, all three towns approved formation of the district. The state board of education approved the formation, and Regional School District No. 12 was established. This is the district which the plaintiff now purports to attack. The substance of his contention is that the district is illegally established because a new regional study committee was not appointed following the July referendum and prior to the August referendum.

Just how the procedure which was followed affected the plaintiff goes entirely unmentioned. The circumstance that Bridgewater, the only town with which the plaintiff claims any connection, voted consistently throughout in favor of the establishment of a regional school district strongly suggests that the plaintiff is endeavoring to adjudicate a political question. Even that must rest in conjecture, however, since it does not appear whether he voted to support or oppose the project in any referendum which was held or, indeed, whether he participated in the proceedings at all. Beyond that, there is absolutely nothing in the complaint or in the stipulated facts which even suggests that the procedure complained of affected the plaintiff in any manner whatsoever. The complaint alleges,

and the agreed fact is, that the three towns were empowered under General Statutes § 10-45 to hold meetings and referendums to establish a regional school district. The constitutionality of § 10-45 is not attacked. All that the plaintiff seeks is a construction of the procedure required to be followed under § 10-45.

"No taxpayer is entitled to seek by declaratory judgment the construction of a statute if the effect of that construction will not affect his personal rights." *Coyle* v. *Housing Authority,* 151 Conn. 421, 424, 198 A.2d 709; *Liebeskind* v. *Waterbury,* 142 Conn. 155, 159, 112 A.2d 208; *McGee* v. *Dunnigan,* 138 Conn. 263, 266, 83 A.2d 491. "An action does not lie merely to secure advice on the law." *McGee* v. *Dunnigan,* supra, 268; see *Connecticut Society of Architects, Inc.* v. *Bank Building & Equipment Corporation,* 151 Conn. 68, 74, 193 A.2d 493.

For the reasons discussed we refuse to answer the questions reserved.

No costs shall be taxed in this court in favor of any party.

In this opinion the other judges concurred.