GIANNINO CAVALLI ET AL. *v.* WALTER MCMAHON ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued November 8, 1977—decision released January 31, 1978

*George R. Bisacca,* for the plaintiffs.

*Aaron B. Schless,* with whom, on the brief, was *Michael L. Shapiro,* for the named defendant et al.

*Barbara G. Lifton,* for the defendant Bridgeport Restaurant Full Permit Association, Inc.

SPEZIALE, J. Certain questions have been reserved for the consideration and advice of this court. Specifically, a ruling is sought on the question of whether § 30.2 of the zoning regulations of the town of Fairfield[1] is an invalid exercise of the zoning authority delegated to the town under § 8-2 of the General Statutes.[2]

The plaintiffs, Nancy and Giannino Cavalli, are owners of a restaurant in Fairfield. On January 27, 1976, Nancy Cavalli presented to the defendant Walter McMahon, in his capacity as zoning enforcement officer of the defendant town of Fairfield, an

---

[1] Section 30.2 provides: "No building or premises shall be used either in whole or in part for the purpose of selling any alcoholic liquors, beer, ale or wine, under any drug store permit, package store permit, restaurant permit, restaurant permit for beer only, tavern permit, or cafe permit, if any entrance to such building or premises is within a radius of 1,500 ft. from any entrance to any other building or premises where any alcoholic liquors, beer, ale or wine are sold under any one of the above-named permits whether or not the same class or kind of permit, except when said restaurant permit is for premises wholly located in a Designed Residence District #2 zone, or where sale of alcoholic liquors, beer, ale or wine under any of the above-named permits has been abandoned or discontinued for less than 90 days."

[2] "The question upon which advice is desired is as follows:

Is section 30.2 of the Zoning Regulations of the Town of Fairfield an invalid exercise of the zoning authority delegated to said Town under Section 8-2 of the General Statutes on any one or all of the following grounds:

a. because it is a usurpation of authority expressly and exclu-

application for a restaurant wine and beer only permit and requested him to certify that the town does not prohibit the sale of alcoholic liquor under that type of permit at that location. McMahon refused to make the certification requested on the ground that the plaintiffs' restaurant is located within a radius of 1500 feet from other buildings where alcoholic beverages are sold, and, therefore, the sale of any such beverages on the plaintiffs' premises is prohibited under § 30.2 of the town zoning regulations.[3]

In December, 1976, the plaintiffs appealed to the zoning board of appeals of the town of Fairfield for a variance of § 30.2 of the zoning regulations. The appeal was denied.

A complaint was filed by the plaintiffs seeking a declaratory judgment declaring § 30.2 null and void, and a writ of mandamus ordering McMahon to certify to the liquor control commission that the town of Fairfield does not prohibit the sale of alcoholic beverages under a restaurant permit for wine and beer only at the plaintiffs' premises. At

sively delegated to a state administrative body, viz., the Liquor Control Commission;

b. because it is a municipal ordinance which conflicts with sections 30-9; 30-10; 30-43; 30-44 (2); 30-46 (a) (1), (2) and (3); 30-46 (c); and 8-2 of the General Statutes;

c. because it does not regulate the use of land for the business of operating a restaurant in a uniform manner throughout the said Business District #1 as required by Section 8-2 of the General Statutes; and

d. because it interferes with the plaintiffs' fundamental right to engage in the ordinary occupations of the community without due process of law by discriminating against the plaintiffs without any rational basis all in violation of their rights to due process and equal protection of the laws under the Fourteenth Amendment to the United States Constitution."

[3] See footnote 1, supra.

the request and with the consent of all the parties,[4] the court reserved the stipulated questions for the consideration and advice of this court.

The record indicates that no pleading addressed to the complaint was ever filed by any of the defendants. Thus, the issues have not been joined, and the case is not ready for final judgment in the trial court. "The only questions that can be properly considered on a reservation are such as pertain to the proper disposition of the cause on the issues formed by the pleadings, and such facts as may be ascertained by agreement or determined by a finding or verdict." *Gannon* v. *Sanders,* 157 Conn. 1, 4, 244 A.2d 397 (1968), quoting *Bronson* v. *Thompson,* 77 Conn. 214, 219, 58 A. 692 (1904); see General Statutes § 52-235; Practice Book § 738. Furthermore, although the plaintiffs sought relief in the form of a declaratory judgment, the record reveals no attempt to notify anyone other than the named defendants of the pending action. Practice Book § 309 (d) provides that the court will not render declaratory judgments upon the complaint of any person "unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof." This court has consistently required strict adherence to this rule. *Gannon* v. *Sanders,* supra, 5; *Wenzel* v. *Danbury,* 152 Conn. 675, 677, 211 A.2d 683 (1965); see also *Salamandra* v. *Kozlowski,* 173 Conn. 136, 138 n.2, 376 A.2d 1103 (1977). In their supplemental brief, the plaintiffs urge that all persons having a legitimate interest in the subject

[4] The parties requesting the reservation were the plaintiffs, Nancy and Giannino Cavalli; the defendants, Walter McMahon, the town of Fairfield, and the town plan and zoning commission of the town of Fairfield; and, in addition, the Bridgeport Restaurant Full Permit Association, Incorporated.

matter of their complaint are now parties to the action. It is clear, however, that residents of Fairfield, who are not parties to the action, may have a legitimate interest in the outcome, and they are entitled to notice. It should not be up to the plaintiffs to determine that notice is unnecessary. See *Gannon* v. *Sanders,* supra, 5. Moreover, the notice requirement of § 309 (d) is not limited to adverse parties. See *Salamandra* v. *Kozlowski,* supra, 138 n.2. Anyone with an interest in the subject matter is entitled to reasonable notice and an opportunity to be heard, whether he supports the plaintiffs' or the defendants' position. See *Wenzel* v. *Danbury,* supra, 677.

We refuse to answer the questions reserved not only for the reasons stated, but also because, as the plaintiffs openly admit, their position is in direct conflict with a long line of decisions in which this court has recognized the validity of regulations such as § 30.2; see, e.g., *Dolan* v. *Zoning Board of Appeals,* 156 Conn. 426, 242 A.2d 713 (1968); *Kallay's Inc.* v. *Katona,* 152 Conn. 546, 209 A.2d 185 (1965); *Great Atlantic & Pacific Tea Co.* v. *Katona,* 151 Conn. 417, 198 A.2d 711 (1964); and we are not inclined to change our position.

No costs shall be taxed in this court in favor of any party.

In this opinion the other judges concurred.