Necia W. Hopkins *v.* Stanley J. Pac, Commissioner of Environmental Protection, et al.

Cotter, C. J., Loiselle, Bogdanski, Longo and Peters, Js.

Argued November 7—decision released December 12, 1978

*Jerome M. Griner,* for the plaintiff.

*Alan M. Kosloff,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the defendants.

Cotter, C. J. The plaintiff instituted this action in the Superior Court seeking, inter alia, a declaratory judgment determining whether the Indian Affairs Council is an "agency" within the meaning of § 4-166 (1) of the General Statutes so that the provisions of chapter 54 of the General Statutes (Uniform Administrative Procedure Act) are applicable to the acts and decisions of that council. Pursuant to a stipulation by all parties to the action, the above question has been reserved for the consideration and advice of this court.

The plaintiff claims to be a Schaghticoke Indian within the meaning of §§ 47-59a and 47-66 of the General Statutes. The defendants to the present action are the commissioner of environmental protection and the eight members of the Indian Affairs Council. Although the plaintiff seeks relief from the Superior Court in the form of a declaratory judgment, the parties do not claim, and the record does not reveal, that any attempt was made to notify anyone other than the named defendants of the pending action. Practice Book, 1963, § 309 (d),[1] provides that the court will not render declaratory judgments upon the complaint of any person "unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof." Strict adherence to this rule has consistently been required by this court. *Cavalli* v. *McMahon,* 174 Conn. 212, 215–16, 384 A.2d 374; *Gannon* v. *Sanders,* 157 Conn. 1, 5, 244 A.2d 397; *Wenzel* v. *Danbury,* 152 Conn. 675, 677, 211 A.2d 683.

It is clear that all persons affected by the actions and decisions of the Indian Affairs Council including, but not limited to, all members of the Indian community of Connecticut may have a legitimate interest in the outcome of the present case. Simply stated, "[a]nyone with an interest in the subject matter is entitled to reasonable notice and an opportunity to be heard, whether he supports the plaintiffs' or the defendants' position." *Cavalli* v. *McMahon,* supra, 216.

Consequently, we refuse to answer the question reserved for our advice at this time. The trial court must ensure compliance with the provisions of Prac-

[1] Now Practice Book, 1978, § 390 (d).

tice Book § 309 (d). See, for example, *Wilson* v. *Connecticut Product Development Corporation,* 167 Conn. 111, 112, 355 A.2d 72.

This court will retain jurisdiction of this matter.

No costs shall be taxed in this court in favor of any party.

In this opinion the other judges concurred.