LUCY DOMSCHINE *v.* EQUITABLE LIFE ASSURANCE
SOCIETY OF THE UNITED STATES ET AL.
(4487)

DUPONT, C. J., HULL and BORDEN, Js.

Submitted on briefs March 27—decision released April 29, 1986

*Thomas J. Daly* and *Richard K. Mulroney* filed a brief
for the appellant (plaintiff).

*Timothy J. Hauburger* and *Raymond J. Plouffe, Jr.,*
filed a brief for the appellees (defendants).

PER CURIAM. The plaintiff brought suit seeking a declaratory judgment to determine whether her employer, the defendant Bryant Circuit Protective Devices Division,[1] and its insurer, the defendant Equitable Life Assurance Society of the United States, were entitled to offset a workers' compensation award she received for a permanent disability from payment

---

[1] Bryant is a division of Westinghouse Electric Corporation.

due her under a long-term disability plan sponsored by Bryant and insured by Equitable. The defendants moved for summary judgment claiming that there was no genuine issue of material fact and, that as a matter of law, they were entitled to make such a setoff. The trial court agreed and rendered summary judgment in the defendants' favor. The plaintiff now appeals claiming that the trial court erred in rendering summary judgment because the language of the insurance policy was subject to more than one interpretion, and accordingly, the trial court was required to construe the language against Equitable, its draftsman.

The record in this case is devoid of any indication that "all persons having an interest in the subject matter of the complaint" were either made parties to the action or given reasonable notice of the suit as is required by Practice Book § 390 where a declaratory judgment is sought.[2] "Strict adherence to the notice requirements of § 390 (d) is required. *Russo* v. *Watertown,* [184 Conn. 30, 33, 441 A.2d 56 (1981)]; *Hopkins* v. *Pac,* 176 Conn. 318, 319, 407 A.2d 979 (1978); *Cavalli* v. *McMahon,* 174 Conn. 212, 215, 384 A.2d 374 (1978). 'A failure to comply with § [390 (d)] is a jurisdictional defect and, as such, can be raised even on appeal by the court itself.' *Russo* v. *Watertown,* supra, quoting *Manley* v. *Pfeiffer,* 176 Conn. 540, 545, 409 A.2d 1009 (1979)." *Echo Four* v. *Hill,* 3 Conn. App. 118, 122–23, 485 A.2d 926, cert. denied, 195 Conn. 801, 487 A.2d 564 (1985).

Other employees of Bryant who were covered under the disability plan had an interest in the subject matter of the suit which would have been affected by any declaratory judgment. Because these employees were not given notice, the trial court lacked jurisdiction to

---

[2] Practice Book § 390 provides in part: "The court will not render declaratory judgments upon the complaint of any person: . . . (d) unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof."

render the summary judgment, and therefore erred in doing so. Id., 124.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the action for lack of jurisdiction.