[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFFS' MOTIONS FOR REARGUMENT AND RECONSIDERATION
In this action involving a dispute over insurance coverage, CT Page 5922 by memorandum of decision dated March 5, 1991 (Revised July, 1991), summary judgment was rendered for the defendants against plaintiffs. On July 5, 1991 plaintiffs moved for reargument and reconsideration. Defendants oppose the motion.
Reargument was granted and a hearing was held July 17, 1991. The parties presented briefs in support of their positions.
For reasons hereinafter stated, reconsideration is denied.
Although there is no statute of rule of practice specifically authorizing reargument and reconsideration of a case after judgment has been rendered, it has been recognized to be within the inherent power of the trial court to determine whether such motion should be considered, and, if so, to act on the motion. K. A. Thompson Electric Co. v. Wesco, Inc.,24 Conn. App. 758, 759 (1991). The motion is similar in nature to a motion to open or set aside filed under the provisions of General Statutes 52-212a. A ruling on a motion of this nature, filed within the time limited by 52-212, is addressed to the trial court's discretion. Pump Services Corporation v. Roberts,19 Conn. App. 213, 215 (1989).
Plaintiffs' motion is predicated upon two separate claims. The written motion is a claim of newly discovered evidence. Also, at the hearing plaintiffs raised a claim that the court is without jurisdiction since an indispensible party has not been joined.
The formal and procedural background underlying the motion is set forth in the revised memorandum of decision on the motion for summary judgment dated July 22, 1991 and will not be repeated here.
 I.
By their motion, plaintiffs claim that certain newly discovered evidence raises a material question of fact which, if known, would have been seasonably presented to the court and would have precluded the granting of summary judgment.
Plaintiffs argue that at the time the motions for summary judgment were argued and briefed, Transit was insolvent, and it was the assumption of the parties that the obligations of Transit to defendants were of no value. The affidavits and oral presentations of the parties reflect this assumption.
At the time of the hearing, not being familiar with the case, but upon being apprised of the complexity of the legal CT Page 5923 issues and observing the physical proportions of the files, the court inquired of the attorneys if any questions of fact existed in the case. Both sides assured the court that there were no questions of fact, only questions of law. (Transcript at 37-38).
Plaintiffs point out that the memorandum of decision on the motion reflects the assumption with respect to Transit and indicates a finding by the court that Transit was insolvent and unable to pay the claim in question.
Appended to the motion for reconsideration is an affidavit which indicates that on April 8, 1991, about one month after the memorandum of decision, counsel for plaintiffs was first notified that defendants were pursuing a claim against Transit to recover for the claim in question. Further evidence indicates that the insolvent estate of Transit has substantial assets, that defendants have filed a claim against those assets and had been granted the status of a third class creditor. It is also found that the claim was filed by defendants' officers as a routine matter and that recovery of anything from the Transit estate is problematical as to time and amount.
From the affidavits submitted, it would appear that one of plaintiffs' attorneys was present at a meeting in September 1989 and there is a likelihood that defendants' filing against Transit was mentioned.
Crum Foster Managers Corp., which represents defendant International Insurance Company, was aware of the fact that defendants had filed the claim with Transit in 1987.
The claim filed by defendants against the Transit estate was a matter of public record.
In deciding whether or not to grant the motion as presented it is helpful to consider the law applicable to the petition for new trial. In such actions, the petitioner must demonstrate that: "(1) the proffered evidence is newly discovered, such that it could not have been discovered earlier by the exercise of due diligence; (2) it would be material on a new trial; (3) it is not merely cumulative; and (4) it is likely to produce a different result in a new trial." Asherman v. State,202 Conn. 429, 434 (1987).
With respect to the first criteria, assuming that the evidence was newly discovered, it cannot be found that it could not have been discovered earlier by the exercise of due diligence. The filing against the Transit estate was a matter of public record. It would not be unreasonable to CT Page 5924 expect, given the background of the case, that plaintiffs would seek to determine what and how defendants could expect to recover under their policies with Transit. If they did not do so, they should not be able to take advantage of the fact.
With respect to the second and fourth criteria, it cannot be found that the production of the evidence would be material or likely to produce a different result upon rehearing. The new evidence would, at most, show that defendants might possibly receive some funds from the Transit estate. This is a question of damages.
Both parties sought summary judgment on the issue of liability under their claims for declaratory judgment. The judgment addresses these issues only. The revised memorandum, reflecting plaintiffs' motion for articulation, addresses defendants' breach of contract claim but renders judgment as to liability alone.
It is not then likely that the fact that defendants have a claim against the insolvent Transit estate would be material or produce a different result if the matter were reheard. In this connection, it is significant to note that Sifers v. General Marine Catering Co., 892 F.2d 386 (5th Cir. 1990) relied upon by the court in the underlying decision was based upon a claim arising out of Transit's insolvency.
For reasons above stated, the motion for reconsideration cannot be granted.
 II.
At the hearing on the present motion, plaintiffs, for the first time, argued that Transit was a necessary party to this action and since they had not been joined the court lacked subject matter jurisdiction and the action which they had instituted should be dismissed.
Defendants argue that plaintiffs should not be allowed to press the jurisdictional claim. In this defendants rely on the reasoning of Leoni v. Water Pollution Control Authority,21 Conn. App. 77, 83 (1990). Leoni did not deal with a claim of subject matter jurisdiction, however. When such an issue is presented, then it must be resolved without going further.
Both parties have pressed a claim for declaratory judgment. This is a special statutory proceeding under General Statutes52-29 and Practice Book 389 through 391. Section 390 requires that all persons having an interest in the subject matter of the complaint be parties to the action or have CT Page 5925 reasonable notice thereof. A failure to comply with the practice book section is a jurisdictional defect and can be raised at any time. Russo v. Watertown, 184 Conn. 30, 33
(1981).
The question then is whether or not Transit has a substantial interest in the subject matter of this action. Would it be directly affected by the adjudication in this case? No good reason has been advanced to conclude that it would.
The most that could be anticipated would be that plaintiffs might be assigned defendants' claim.
Defendants' claim, based upon a breach of contract, presents less of a jurisdictional problem. A claimed defect here would have to be presented as a motion to strike under Conn. Practice Bk. 152(3).
It is appropriate to note, also, that Transit's claims manager in receivership has had knowledge of this action at least since May 1981 and could have taken steps to intervene if Transit considered it advisable.
Accordingly, the motion is denied.
Purtill, J.