[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the Court on defendant's motion to dismiss the first and second count of the plaintiff's complaint.
The first count of the complaint seeks a declaratory judgment. The defendant seeks to have it dismissed for lack of subject matter jurisdiction because the plaintiff failed to give notice to all interested parties.
In examining a motion to dismiss for each of subject matter jurisdiction, the court must "consider the allegations of the complaint in a light most favorable to the plaintiffs." Cummings v. Tripp, 204 Conn. 67, 75 (1987).
The plaintiff alleges that the Board of Selectmen (Board) agreed to present at the next town meeting a proposal to join the Municipal Retirement Fund (fund). At the special town meeting, the electors voted to accept the "fund." As a result, this vote, the plaintiff further alleges, the Board is withholding substantial monies from employees and is using town funds at great cost and expense to the town. Plaintiff further alleges that failure to declare actions of the Board and town meeting null and void, will result in irreparable harm
The allegations of the first count continue that on two separate occasions a petition submitted by more than 20 voters requesting a special town meeting to rescind CT Page 1064 participation in the "fund" was summarily denied by the Board as "not legitimate and manifestly frivolous and prejudicial."
The record reveals that no one but the named defendants, i.e. Board of Selectmen and plaintiff, i.e., Salem Taxpayers Association and certain named taxpayers, have been named as parties or have received notice.
"An action for declaratory judgment is a special proceeding under General Statutes Section 52-29, implemented by Practice Book Sections 389 through 391." Russo v. Watertown, 184 Conn. 30, 33, 441 A.2d 56 (1981) (citations omitted). Practice Book "(s)ection 390 states: `The court will not render declaratory judgments upon the complaint of any person. . . (d) unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof.'" Cristofaro v. Burlington,217 Conn. 103, 109-10, 584, A.2d 1168 (1991), quoting Practice Book Section 390.
Since this action involves a challenge to the validity of a municipal enactment, it often will involve the interests of all the residents of the town. Cristoforo v. Burlington, supra, at page 110; Russo v. Watertown, supra, at pages 32-35. In Russo, the court held that all residents of the town must be notified of a declaratory judgment action which was sought to declare that certain municipal charter revisions be declared void. See also Tucker v. Maher,192 Conn. 460, 472 (1984).
The present action involves the town's acceptance of the fund, which in turn, would require contributions by the town and liability of the town to the fund. It follows then that every taxpayer has an interest as well as all of the employees of the town since acceptance of the fund would alter the benefits and contributions from the employees.
Since no one but the named parties to this lawsuit has been made parties to this action or has received notice, there has been no compliance with Practice Book Section 390(d).
Since the courts "have required strict adherence to (Practice Book Section 390(d)) and have held that failure to comply with it is fatal to the courts' (subject matter) jurisdiction." Kolenberg v. Board of Education, 206 Conn. 113,124, 536 A.2d 577, cert. denied, 487 U.S. 1236,108 S.Ct. 2903, 101 L.Ed.2d 935 (1988), the Court finds that it lacks subject matter jurisdiction over the first count of the plaintiff's complaint and, therefore, the defendants' motion CT Page 1065 to dismiss the first count is granted.
The plaintiff's second count seeks a writ of mandamus requiring the Board to call a town meeting to rescind the action of the town meeting taken on March 27, 1991.
 "The writ of mandamus is an extraordinary remedy to be applied only under exceptional conditions, and is not to be extended beyond its well-established limits." Lahiff v. St. Joseph's Total Abstinence Society, 76 Conn. 648, 651, 57 A. 692 (1904); McAllister v. Nichols, 193 Conn. 168, 171, 474 A.2d 792 (1984). Furthermore, "(m)andamus neither gives nor defines rights which one does not already have. It enforces, it commands, performance of a duty. It acts at the instance of one having a complete and immediate legal right; it cannot and it does not act upon a doubtful or a contested right. . . ." State ex rel. Comstock v. Hempstead, supra, 561; McAllister v. Nichols, supra, 171-72. A party seeking a writ of mandamus must establish: "(1) that the plaintiff has a clear legal right to the performance of a duty by the defendant; (2) that the defendant has no discretion with respect to performance of that duty; and (3) that the plaintiff has no adequate remedy at law." Vartuli v. Sotire, 192 Conn. 353, 365, 472 A.2d 336 (1984); Harlow v. Planning Zoning Commission, 194 Conn. 187, 196, 479 A.2d 808 (1984).
Our Appellate Court in Caltabiano v. Phillips,23 Conn. 258, 263 (1990), stated that ". . . no practical relief can follow from our consideration of whether the plaintiffs are entitled to (mandamus) . . . the issue is moot and we will refuse to entertain it." See also Shays v. Local Grievance Committee, 197 Conn. 566, 571 (1985). Even though the plaintiff may have a legal right to the matter sought, mandamus will not issue if that right be nothing more than a naked right. The writ should not issue if there is no substantial or practical benefit. See Sotire v. Stamford,19 Conn. App. 505, 514 (1989).
Rescission of the town's acceptance of the fund can only be accomplished by withdrawal pursuant to Connecticut CT Page 1066 General Statutes Section 7-444. This section provides that withdrawal can only be accomplished by the procedure provided in Section 7-427 for acceptance. Since acceptance can only be accomplished by a town's legislative body, it follows that the first step for withdrawals by resolution of the town's legislature, which in this case is the Board. No such resolution has been passed by the Board nor has any request been made by the plaintiff requesting such action.
Defendants' motion to dismiss the second count is granted.
The plaintiff seeks further relief in the form of injunction, monetary and punitive orders. Since these claims are ancillary to the claims for declaratory judgment and mandamus, they must also fail. See Tucker v. Maher, supra, at page 471, citing Pinnix v. LaMorte, 182 Conn. 342, 343 (1989).
Mihalakos, J.