ANSON B. CLINTON, JR., ET AL. *v.* ROGERS LAKE
WEST SHORES ASSOCIATION, INC., ET AL.
(13513)

Dupont, C. J., and Landau and Hennessy, Js.

Argued September 28, 1995—decision released March 5, 1996

*Paul M. Geraghty*, for the appellants (plaintiffs).

*Thomas F. McGarry,* for the appellee (named defendant).

*Marylin C. Clarke,* for the appellee (defendant town of Old Lyme).

HENNESSY, J. The plaintiffs, Anson B. Clinton, Jr., and Daloyd M. Clinton, bring this appeal after judgment by the trial court in favor of the defendants, Rogers Lake West Shores Association, Inc. (association), and the town of Old Lyme. The plaintiffs argue that the trial court improperly concluded that the association had not accepted Spruce Street as a public road, and, with respect to the town of Old Lyme, that the trial court improperly dismissed counts seven and eight of the amended complaint.[1] We reverse the judgment of the trial court and remand the case for further proceedings.

The Clintons' amended complaint, dated July 16, 1993, focuses on Spruce Street in the town of Old Lyme. The complaint alleges, in pertinent part, that Spruce Street is an approved road within the property of the association, that the association is a municipality that has a duty to maintain the road, and that the association refused and failed to maintain the road properly.[2] The plaintiffs demand reimbursement for road improvements that they performed on Spruce Street after the association refused to make the improvements and a declaratory judgment declaring that the association has a duty to maintain Spruce Street. Counts seven and eight of the amended complaint allege that certain appropriations from the town of Old Lyme to the association and other associations are improper.

[1] Counts seven and eight of the amended complaint allege that certain appropriations from the town of Old Lyme to the association and other associations are improper.

[2] The amended complaint also alleges that the town of Old Lyme has a duty to maintain Spruce Street. The trial court found that the town of Old Lyme was not and is not responsible for enforcing the maintenance of Spruce Street. The plaintiffs do not appeal this part of the trial court's judgment.

We remand the case to the trial court for further proceedings because of the failure to comply with Practice Book § 390 (d). See *Mannweiler* v. *LaFlamme*, 232 Conn. 27, 31, 653 A.2d 168 (1995).

In response to the plaintiffs' complaint seeking a declaratory judgment, the trial court rendered a judgment declaring that the "Association is not required to improve and repair Spruce Street." Section 390 (d) provides that "[t]he court will not render declaratory judgments upon the complaint of any person . . . unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof." "The jurisdiction of the trial court over declaratory judgment actions depends upon compliance with the notice provisions of Practice Book § 390 (d). . . . Failure to comply with § 390 (d) deprives the trial court of subject matter jurisdiction to render a declaratory judgment." *Serrani* v. *Board of Ethics*, 225 Conn. 305, 308, 622 A.2d 1009 (1993); see also *Mannweiler* v. *LaFlamme*, supra, 232 Conn. 32.

In this case, the trial court found that there were three existing houses on Spruce Street. Neither the Appellate Court record nor the trial court record indicates that these parties received notice of the pendency of this action in compliance with § 390 (d). Nor does the record contain a finding that the members of the association received notice. The plaintiffs contend that the Spruce Street residents, as members of the association, and other association members received notice through meetings of the association, but the trial court record is devoid of any such finding. The plaintiffs also argue that, even if these parties have not received notice, our Supreme Court decision in *Massameno* v. *Statewide Grievance Committee*, 234 Conn. 539, 550, 663 A.2d 317 (1995), supports the conclusion that notice to the association is notice to its members because the association can represent and protect the interests of the

parties who did not receive notice. The present case is inapposite to *Massameno* because, unlike in *Massameno*, the parties here proffer no statutory authority to support this conclusion. Additionally, the other homeowners on Spruce Street do not necessarily have an identity of interest with the association.

In *Russo* v. *Watertown*, 184 Conn. 30, 34, 441 A.2d 56 (1981), our Supreme Court implicitly held that notice to a municipality does not constitute notice to its residents. Because the trial court in this case found that the association is a municipality, we hold, as in *Russo*, that even if notice was given to the association, the notice requirements of § 390 (d) are not satisfied. This conclusion furthers the basic principles that "no court will proceed to the adjudication of a matter involving conflicting rights and interests, until all persons directly concerned in the event have been actually or constructively notified of the pendency of the proceeding, and given reasonable opportunity to appear and be heard." (Internal quotation marks omitted.) *Connecticut Ins. Guaranty Assn.* v. *Raymark Corp.*, 215 Conn. 224, 229, 575 A.2d 693 (1990); *Russo* v. *Watertown*, supra, 34. The other residents of Spruce Street certainly had an interest in the determination of whether the association should maintain Spruce Street, and they should have been given notice of the proceeding. See *Mannweiler* v. *LaFlamme*, supra, 232 Conn. 34. Similarly, the other members of the association, who may be responsible for the costs of reimbursing the Clintons and maintaining Spruce Street, should have been given notice.

We hold that because of the plaintiffs' failure to comply with § 390 (d), the trial court lacked jurisdiction to render a judgment. Because the trial court lacked jurisdiction, it necessarily lacked jurisdiction to render an appealable final judgment. *Serrani* v. *Board of Ethics*, supra, 225 Conn. 309.

This conclusion, however, does not necessitate a dismissal on remand because this jurisdictional defect can be cured by further proceedings of the trial court. Id., 309–10; *Connecticut Ins. Guaranty Assn.* v. *Raymark Corp.*, supra, 215 Conn. 230.

The judgment is reversed, including the dismissal of counts seven and eight, and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.