DAVID KOHN *v.* TOWN OF WILTON ET AL
(14351)

O'Connell, Foti and Landau, Js.

Argued February 23—officially released July 2, 1996

*Howard A. Lawrence*, with whom was *Lawrence S. Dressler*, for the appellant (plaintiff).

*Christopher M. Hodgson*, with whom, on the brief, was *Margaret M. Sheahan*, for the appellees (defendants).

LANDAU, J. This is an appeal from the trial court's judgment denying the plaintiff, David Kohn, a declaratory judgment and monetary damages. It arises from Kohn's interim appointment, made by the town of Wilton fire commission,[1] to the position of acting fire marshal. After serving in that capacity until another candidate was appointed to the permanent position, the plaintiff returned to his former position of deputy fire marshal.

In his complaint, the plaintiff alleged that, prior to being removed from the position of acting fire marshal, he was entitled to, and should have received, the just cause, notice and hearing protections afforded to "local fire marshals" as set forth in General Statutes §§ 29-297, 29-299 and 29-300.[2] Following a hearing, the trial

[1] The defendants in this action are the town of Wilton, Stephen Lucas, chairman of the Wilton board of fire commissioners, and William Von Zehle, chief of the Wilton fire department.

[2] General Statutes § 29-297 provides in pertinent part: "Each local fire marshal shall be sworn to the faithful performance of his duties by the clerk of the town, city, borough or fire district and shall continue to serve in that

court rendered judgment for the defendants, and this appeal ensued.

The facts, which were set forth in a joint stipulation dated August 5, 1994, are undisputed.[3] Because we conclude, however, that the record discloses a fundamental flaw in the proceedings[4] that deprived the trial court of subject matter jurisdiction, we reverse the trial court's judgment and do not reach the merits of the appeal. See *Serrani* v. *Board of Ethics*, 225 Conn. 305, 306, 622 A.2d 1009 (1993).

There is no doubt that the complaint in this action seeks a declaratory judgment. The claim for declaratory relief was in no way ancillary to the claim for damages, and the record does not indicate that the declaratory judgment aspect of this case was not determined by

office until removed for cause. . . ."

General Statutes § 29-299 provides in pertinent part: "If a local fire marshal fails to faithfully perform the duties of his office, the appointing authority of the municipality in which he is serving shall, after proper inquiry, dismiss him and appoint another in his place. . . ."

General Statutes § 29-300 provides in pertinent part: "No local fire marshal shall be dismissed unless he has been given notice in writing of the specific grounds for such dismissal and an opportunity to be heard in his own defense, personally or by counsel, at a public hearing before the authority having the power of dismissal. . . ."

[3] The plaintiff was appointed to the position of acting deputy fire marshal on November 25, 1986. On May 18, 1987, he was permanently appointed to the position of deputy fire marshal. Subsequently, due to the retirement of the fire chief, who also held the position of fire marshal, the plaintiff was appointed as the acting fire marshal on July 7, 1987.

As a part of reorganization, the Wilton fire department created two new positions, one of which was the deputy chief/fire marshal. In March, 1988, the fire department interviewed candidates, including the plaintiff, for the new position. On April 7, 1988, Richard Gough was appointed deputy chief/fire marshal. Shortly thereafter, the plaintiff was notified by letter of Gough's appointment.

[4] In this action for declaratory relief, it does not appear from our review of the trial court record that the plaintiff provided reasonable notice pursuant to Practice Book § 390 (d). Indeed, the issue was raised at oral argument and counsel for the plaintiff conceded that no notice was provided pursuant to § 390 (d).

the trial court. See *Mannweiler* v. *LaFlamme*, 232 Conn. 27, 31, 653 A.2d 168 (1995). Thus, our threshold consideration is whether the plaintiff complied with the notice requirement of Practice Book § 390 (d) so that the trial court had jurisdiction over this action. In *Mannweiler* v. *LaFlamme*, supra, our Supreme Court stated that, because "the plaintiffs, in their prayer for relief, invoked the declaratory judgment provision of General Statutes § 52-29, as implemented by Practice Book §§ 389 and 390, a proper order of notice to all parties having an interest in the subject matter of the complaint was mandatory. See *Serrani* v. *Board of Ethics*, supra, 225 Conn. 308. Failure to comply with § 390 (d)[5] deprives the trial court of subject matter jurisdiction to render a declaratory judgment. . . . Jurisdiction of the subject matter is a question of law and cannot be waived or conferred by consent either in the trial court or here. . . ." (Citations omitted; internal quotation marks omitted.) Id., 34–35.

Disposition of this case without the notification of other officials who were appointed to acting positions could lead to unacceptable results. For example, alleged violations of statutory due process rights under the relevant statutes for appointed acting local fire marshals, as well as for other acting local officials, could be relitigated in multiple actions by persons not bound by the first declaration. Id., 34. Because adjudication of the declaratory judgment claim necessarily implicates the interests of others, each must be given notice and an opportunity to be heard. Id.

The trial court's lack of subject matter jurisdiction does not require a dismissal on remand. Rather, to cure the jurisdictional defect, the plaintiff may take mea-

[5] Practice Book § 390 (d) provides that the trial court will not enter a declaratory judgment "unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof."

sures to comply with the notice provisions of § 390 (d). See *Mannweiler* v. *LaFlamme*, supra, 232 Conn. 36 n.11; *Patriot General Ins. Co.* v. *Normandie*, 41 Conn. App. 66, 67, 674 A.2d 861 (1996); *Clinton* v. *Rogers Lake West Shores Assn., Inc.*, 40 Conn. App. 454, 671 A.2d 855 (1996).

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other judges concurred.