COLONIAL PENN INSURANCE COMPANY *v.*
PATRIOT GENERAL INSURANCE COMPANY
(AC 16467)

O'Connell, Lavery and Healey, Js.

Argued May 1—officially released July 8, 1997

*Michael E. Burt*, with whom, on the brief, was *Donald G. Walsh*, for the appellant (plaintiff).

*Jack G. Steigelfest*, with whom, on the brief, was *Constance L. Epstein*, for the appellee (defendant).

*Opinion*

LAVERY, J. The plaintiff, Colonial Penn Insurance Company, instituted this declaratory judgment action against the defendant, Patriot General Insurance Company, seeking an order of the court requiring the defendant to provide liability coverage to Carmen Lugo.[1] At the request of the parties, the trial court reserved the following question for the advice of this court: "Consistent with the minimum financial responsibility laws of General Statutes §§ 14-12b, 14-112, 38a-334 and 38a-335 (a), may an insurance policy specifically exclude from coverage a motor vehicle owner while operating the insured motor vehicle pursuant to General Statutes § 38a-335 (d)?"

Although the trial court reserved that question for the advice of this court, compliance with Practice Book

---

[1] The initial question before the trial court was limited to the immediate parties and their insureds. The plaintiff initially sought the following declaration: "A Judgment declaring that the defendant insurer has a duty to defend and provide coverage to the aforementioned Carmen L. Lugo against the claim of Horace Rosemond arising out of the automobile accident occurring in Bloomfield, Connecticut on October 1, 1994."

§ 390 (d)[2] is required. In *Hopkins* v. *Pac*, 176 Conn. 318, 407 A.2d 979 (1978), our Supreme Court refused to answer a question reserved for advice because the plaintiff failed to provide reasonable notice to all interested parties. The court held that "[s]trict adherence to this rule [now Practice Book § 390 (d)] has consistently been required by this court. *Cavalli* v. *McMahon*, 174 Conn. 212, 215–16, 384 A.2d 374 [1978]; *Gannon* v *Sanders*, 157 Conn. 1, 5, 244 A.2d 397 [1968]; *Wenzel* v. *Danbury*, 152 Conn. 675, 677, 211 A.2d 683 [1965]. . . . Simply stated, '[a]nyone with an interest in the subject matter is entitled to reasonable notice and an opportunity to be heard, whether he supports the plaintiffs' or the defendants' position.' *Cavalli* v. *McMahon*, supra, 216. Consequently, we refuse to answer the question reserved for our advice at this time. The trial court must ensure compliance with the provisions of Practice Book [§ 390 (d)]. See, for example, *Wilson* v. *Connecticut Product Development Corporation*, 167 Conn. 111, 112, 355 A.2d 72 [1972]." *Hopkins* v. *Pac*, supra, 319–20.

In the present case, an order of notice, which predates the reservation to this court was addressed only to the plaintiff's insured and the defendant's insured. The question before this court concerning whether an insurance company can specifically exclude from coverage a motor vehicle owner while operating the insured motor vehicle will certainly have an impact on the insurance industry. Therefore, we conclude that other insurance companies would be sufficiently interested in this action to warrant notice. Because the order of notice was issued only to the parties, and there may be other insurance companies with an interest in the pendency of this action, we have determined that the notice

---

[2] Practice Book § 390 provides in relevant part: "The court will not render declaratory judgments upon the complaint of any person . . . (d) until all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof."

requirement set forth in Practice Book § 390 (d) has not been met. Thus, we refuse to answer the question reserved for our advice until the trial court ensures compliance with § 390 (d).

This court, however, will retain jurisdiction of this matter. Our Supreme Court recently held that " '[u]nlike other jurisdictional defects implicating the trial court's subject matter jurisdiction . . . the bringing of a declaratory judgment action is not itself precluded by a failure to comply with the notice requirement.' *Serrani* v. *Board of Ethics*, [225 Conn. 305, 309 n.5, 622 A.2d 1009 (1993)]; *Connecticut Ins. Guaranty Assn.* v. *Raymark Corp.*, [215 Conn. 224, 230, 575 A.2d 693 (1990)]. On remand, the plaintiffs may pursue further procedural efforts to cure the jurisdictional defect regarding the notice requirement. *Serrani* v. *Board of Ethics*, supra, 309." *Mannweiler* v. *LaFlamme*, 232 Conn. 27, 36, 653 A.2d 168 (1995); see also *Hopkins* v. *Pac*, supra, 176 Conn. 319–20.

The case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.