NECIA HOPKINS *v.* STANLEY J. PAC, COMMISSIONER
OF ENVIRONMENTAL PROTECTION, ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

Argued February 13—decision released May 6, 1980

*Jerome M. Griner,* for the plaintiff.

*Alan M. Kosloff,* assistant attorney general, with
whom, on the brief, was *Carl R. Ajello,* attorney
general, for the defendants.

COTTER, C. J. The present action comes to the
Supreme Court upon a reservation of facts and a
question of law pursuant to General Statutes
§ 52-406. The parties agree upon the facts on which
the controversy depends and submit the following
question for our advice: Whether the Indian
Affairs Council is an agency within the meaning of
§ 4-166 (1) of the General Statutes such that the
provisions of the Uniform Administrative Proce-

dure Act (hereinafter UAPA); General Statutes §§ 4-166 through 4-189; are applicable to the acts and decisions of said council.

The parties have stipulated to the following facts: The plaintiff, Necia Hopkins, appeared before the Indian Affairs Council (hereinafter IAC) and requested a determination of her eligibility, as a member of the Schaghticoke Indian tribe, to reside on and use the lands reserved for the exclusive use by that tribe. See General Statutes §§ 47-59a through 47-66d. In February, 1975, the IAC advised the plaintiff that it did not find her to be an Indian and ordered her to refrain from using, in any manner, the Schaghticoke reservation. The plaintiff thereafter intervened as a plaintiff in a civil action brought in the United States District Court for the district of Connecticut, *Rolling Cloud* v. *Gill*, 412 F. Sup. 1085 (D. Conn., 1976), wherein the plaintiffs challenged the constitutionality of §§ 47-59a through 47-66d on the ground, inter alia, that judicial review of the decisions and actions of the IAC is not available in any Connecticut state court under any statute of the state of Connecticut. Invoking the doctrine of abstention, the District Court denied, without prejudice to renewal, the defendants' motion for summary judgment but retained jurisdiction over the federal claims raised in that action and postponed resolution of those issues until the state law question, namely, whether there exist statutory provisions for judicial review of the acts and decisions of the IAC, is resolved by the judicial processes of this state. Id., 1092. The plaintiff thereupon commenced the present action

seeking a declaratory judgment determining the question that has been reserved for the advice of this court.[1]

An agency, as that term is defined in the UAPA, § 4-166 (1), "means each state board, commission, department or officer, other than the legislature, courts, judicial review council, governor, lieutenant governor, attorney general or town or regional boards of education authorized by law to make regulations or to determine contested cases." The plaintiff's initial contention is that the failure to include in the denomination of the IAC the term board, commission, department or officer requires the conclusion that the IAC is not an agency. As the defendants illustrate, however, to require that a state organization be officially entitled a "board, commission, department or officer" in order to come within the definition of agency would render superfluous the specific exclusions in § 4-166 (1) from the definition of agency of the legislature, courts, governor and so forth. The plaintiff's contention is without merit in view of the well established principle that statutes must be construed, if possible, such that no clause, sentence or word shall be superfluous, void or insignificant, and that every sentence, phrase and clause is presumed to have a purpose. *Engle* v. *Personnel Appeal Board,* 175 Conn. 127, 129–30, 394 A.2d 731; *State ex rel. Kennedy* v. *Frauwirth,* 167 Conn. 165, 168, 355 A.2d 39; *International Business Machines Corporation* v. *Brown,* 167 Conn. 123, 135, 355 A.2d 236. Also, in *Arter-*

---

[1] The present case was before the court on a previous occasion, *Hopkins* v. *Pac,* 176 Conn. 318, 407 A.2d 979, but the question reserved for our advice was not answered because of the plaintiff's failure to provide reasonable notice of the action to all interested persons as required by Practice Book, 1978, § 390 (d). It appears from the record that that defect has been cured.

*burn Convalescent Home, Inc.* v. *Committee on State Payments to Hospitals,* 176 Conn. 82, 84, 405 A.2d 48, this court held that a hearing before the committee pursuant to § 17-314 of the General Statutes was subject to the provisions of the UAPA thereby determining, implicitly, that the committee, even though not denominated a board, commission, department or officer, was an agency within the meaning of the UAPA.[2] The plaintiff's contention focuses on the form rather than the substance of the IAC. The fact that it is denominated a council does not necessarily exclude the IAC from the definition of agency contained in § 4-166 (1) of the General Statutes.

At issue is whether the term "each state board, commission, department or officer" encompasses, in accordance with the intent of the legislature, an organization such as the IAC. Resolution of this issue must be made in light of the scope and object and the two-fold purpose underlying the UAPA in providing "uniform standards by which all non-exempted agency action is to be judged" and in providing a "vehicle for judicial review as an alternative to preexisting statutes or in situations in which no appellate review was previously provided." *McDermott* v. *Commissioner of Children & Youth Services,* 168 Conn. 435, 441, 363 A.2d 103; *Bahre* v. *Hogbloom,* 162 Conn. 549, 554–56, 295 A.2d 547;

---

[2] See also § 16-50j of the General Statutes which established the Power Facility Evaluation Council (PFEC) which was given the responsibility of administering the Public Utility Environmental Standards Act. General Statutes §§ 16-50g through 16-50z. Notwithstanding the designation of that organization as a council, judicial review of an order of the PFEC issued on an application for a certificate or an amendment of a certificate may be obtained in accordance with the provisions of the UAPA. General Statutes § 16-50g.

*Kokoszka* v. *Belford,* 417 U.S. 642, 94 S. Ct. 2431, 41 L. Ed. 2d 374, reh. denied, 419 U.S. 886, 95 S. Ct. 160, 42 L. Ed. 2d 131.

The declared policy of this state is stated in General Statutes § 47-59a,[3] which recognizes that Indians "have certain special rights to tribal lands as may have been granted to them in the past by treaty or other agreements." In furtherance of that policy, the commissioner of environmental protection is delegated the responsibility for establishing the boundaries of lands reserved for the exclusive use of Indians[4] and for the care and management of such reservation lands. General Statutes § 47-65 (a). In addition, the statutory scheme regarding the protection of reservation lands charges the IAC with the responsibility of providing services to the Indian community of the state and of formulating programs suitable to its needs. General Statutes § 47-59b.

The IAC consists of one representative from each of five designated tribes who are appointed by their respective tribes, and three persons, not of Indian lineage, appointed by the governor. General

---

[3] "[General Statutes] Sec. 47-59a. CONNECTICUT INDIANS; CITIZENSHIP, CIVIL RIGHTS, LAND RIGHTS. It is hereby declared the policy of the state of Connecticut to recognize that all resident Indians of qualified Connecticut tribes are considered to be full citizens of the state and they are hereby granted all the rights and privileges afforded by law, that all of Connecticut's citizens enjoy. It is further recognized that said Indians have certain special rights to tribal lands as may have been granted to them in the past by treaty or other agreements."

[4] See § 47-64 of the General Statutes. Additional protection of reservation land is contained in § 47-60 which provides: "Except as otherwise expressly provided, all conveyances by an Indian of any land belonging to, or which has belonged to, the estate of any tribe shall be void."

Statutes § 47-59b (a). The members of the council are compensated on a daily basis and reimbursed for their necessary expenses. General Statutes § 47-59b (a). In addition to its role as an advisor to the commissioner of environmental protection,[5] the IAC is delegated the authority to determine the qualifications of individuals entitled to be designated as Indians, and therefore entitled to use reservation lands, and to decide who is eligible to reside on those lands. General Statutes § 47-59b (b). The IAC is also given the discretion to renew any lease of reservation lands in effect on July 1, 1973, even though a lease of reservation land executed after that date is prohibited; General Statutes § 47-64 (b); is required to provide services as it deems necessary to insure the well being of all persons residing on reservations; and is authorized to provide assistance to Indian residents who are unable to support themselves. General Statutes § 47-65 (c). It is evident that the IAC plays a vital role in the effectuation and administration of state policy and, as such, acts as the agent of the state with regard to those matters lying within the scope of its authority. See *Murphy* v. *Berlin Board of Education,* 167 Conn. 368, 373, 355 A.2d 265. The statutory scheme and purpose of the UAPA was to provide uniform direction to the operation of administrative procedures of agencies authorized to confer on behalf of the state, as is the IAC, a broad range of benefits to statutorily designated recipients and that act should accordingly be made

---

[5] The IAC serves as an advisor in the care and management of reservation lands; General Statutes § 47-65; and in the care and control of tribal funds. General Statutes § 47-66. In addition, the IAC is required to review the regulations governing Indian affairs in this state and to advise the commissioner on the promulgation of new regulations. General Statutes § 47-59b (c).

applicable to the acts and decisions of the IAC. Cf. *United Aircraft Corporation* v. *Fusari,* 163 Conn. 401, 411, 311 A.2d 65.

An additional requirement, in order to be classified as an agency, is that the IAC be "authorized by law to make regulations or to determine contested cases." General Statutes § 4-166 (1). This requirement is satisfied by § 47-65 (d) which authorizes the IAC to adopt regulations, pursuant to the UAPA, to carry out the provisions of §§ 47-65 (a) and (b) and which requires the council to "adopt regulations which prescribe eligibility standards for assistance and services under subsection (c) of this section." See also General Statutes § 47-65a. The use of the disjunctive "or" in § 4-166 (1) makes it unnecessary for us to determine whether the IAC is authorized by law to hear contested cases.

We answer the question reserved for our advice in the affirmative; the Indian Affairs Council is an agency within the meaning of § 4-166 (1) of the General Statutes.[6]

No costs shall be taxed to any of the parties.

In this opinion the other judges concurred.

---

[6] Since consideration of the issues in the present case is limited to a resolution of the question reserved for our advice and because the stipulation of facts is insufficient to decide the issue, we express no opinion as to whether the jurisdictional requirements for judicial review, i.e., contested cases, exhaustion of administrative remedies, have been met in this case.