JIRI HORAK *v.* MIDDLESEX MUTUAL ASSURANCE COMPANY

COTTER, C. J., BOGDANSKI, PETERS, PARSKEY and A. ARMENTANO, Js.

Argued June 6—decision released July 29, 1980

*H. Bissell Carey III,* with whom, on the brief, was *Charles L. Howard,* for the appellant (defendant).

*Benson A. Snaider,* for the appellee (plaintiff).

PER CURIAM. The sole issue involved in this appeal is whether certain fire-damaged premises were excluded from insurance coverage because of a rental agreement existing at the time the fire occurred.

On September 25, 1977, the plaintiff owned property at 482 Loop Road in the town of Clinton. There were two separate structures on the property: the main house used by the plaintiff and his wife as their residence, and the guest house, which contained two bedrooms, a living room, kitchen, bath and attached two-car garage. On September 25, 1977, the guest house was used and occupied by Roland Smith pursuant to a rental agreement providing that Smith would pay $40 to use the premises and $10 for utilities.

A fire occurred on September 25, 1977, in the guest house. It started in the bedroom next to the garage and caused damage to the structure itself, to the bedroom furniture and to tools and machinery located in the garage. The defendant insurer's adjuster estimated that it would cost $5280.51 to repair the damaged structure. At the time of the fire, policy No. H714386, issued by the defendant insurer to the plaintiff, was in effect.

The trial court concluded that coverage for the fire damage to the plaintiff's appurtenant structure was not excluded by the terms of the policy of insurance. We cannot agree.

Coverage B of policy No. H714386 provides: "COVERAGE B – APPURTENANT STRUCTURES. This policy covers structures (other than the described dwelling building, including additions in contact therewith) appertaining to the premises and located thereon. This coverage also includes materials and supplies located on the premises or adjacent thereto, intended for use in construction, alteration or repair of such structures. This coverage excludes: 1. structures used in whole or in part for business purposes; or 2. structures rented or leased in whole or in part or held for such rental or lease (except structures used exclusively for private garage purposes) to other than a tenant of the described dwelling."

It is undisputed that the guest house was an appurtenant structure as described by the terms of coverage B and that Smith was not a tenant of the "described dwelling building" as defined in the policy.

Where the language of an insurance policy is clear and unambiguous, the terms of the policy must be given their natural and ordinary meaning. See, e.g., *Weingarten* v. *Allstate Ins. Co.,* 169 Conn. 502, 509–510, 363 A.2d 1055; *Plunkett* v. *Nationwide Mutual Ins. Co.,* 150 Conn. 203, 206–207, 187 A.2d 754; *Porto* v. *Metropolitan Life Ins. Co.,* 120 Conn. 196, 200, 180 A. 289. Coverage B includes two exclusions separated by the disjunctive "or." It is clear that as used in coverage B of the policy in question, the word "or" does not require both exclusions to be met before coverage is excluded, a result which would only occur if the conjunction "and" was used in the policy. Rather, the use of the disjunctive conjunction "or" unambiguously

requires that either of the exclusions separated by the conjunction, if applicable, excludes coverage. See, e.g., *State* v. *Pascucci,* 164 Conn. 69, 72, 316 A.2d 750 ("use of the disjunctive 'or' between the two parts of the statute indicates a clear legislative intent of separability"); *Harris* v. *Egan,* 135 Conn. 102, 105, 60 A.2d 922 (" 'or' . . . intentionally used with its alternative significance and not, carelessly, as conjunctive"). See also *Hopkins* v. *Pac,* 180 Conn. 474, 480, 429 A.2d 952.

Exclusion (2) of coverage B simply provides that damage to "structures rented or leased in whole or in part" is excluded from coverage. Since the trial court unequivocally found that the guest house was rented at the time of the fire, exclusion (2) of coverage B applies. The language of coverage B and its two exclusions is clear and unambiguous, and thus the court in applying the terms of the insurance contract may not "indulge in a forced construction ignoring provisions [of the policy]."[1] *Weingarten* v. *Allstate Ins. Co.,* supra, 510.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant, except as to that part of the judgment for $150 for damage to the plaintiff's tools and gauges from which no appeal has been taken.

---

[1] The trial court ruled that coverage was not excluded by exclusion (1) of coverage B because the renting to Roland Smith was an occasional rental and therefore not within the definition of "business" contained in section 8 of the general conditions of the policy which reads in part:

"c. 'residence premises' means (1) a one or two family dwelling building, appurtenant structures, grounds and private approaches thereto; or . . .

d. 'business' means (1) a trade, profession or occupation, including farming, and the use of any premises or portion of residence premises for any such purposes; and (2) the rental or holding for

rental of the whole or any portion of the premises by any Insured; but business shall not include: (a) the occasional rental or holding for rental of the residence premises for dwelling purposes."

The court did not discuss or rule on the question of whether coverage was excluded by exclusion (2) of coverage B despite the defendant's repeated attempts in the course of the proceedings below to raise this claim and the defendant's failure ,to press or raise the claim that coverage was excluded by exclusion (1) of coverage B. Although the trial court found that the rental was an occasional rental and not within exclusion (1), exclusion (2) contains neither a durational qualification on the term of a rental nor any qualification of the frequency of a rental of the appurtenant structure.