**PROGRESSIVE CASUALTY INSURANCE COMPANY**

v.

**Constantine MARNEL, et al.**

**Civ. No. N–83–81 (PCD).**

United States District Court, D. Connecticut.

Dec. 12, 1983.

Philip J. O'Connor, Hartford, Conn., for plaintiff.

Constantine Marnel, pro se.

Alexander Winnick, New Haven, Conn., for defendant Barbara Marnel.

RULING ON PLAINTIFF'S OBJECTION TO MAGISTRATE'S RECOMMENDED RULING DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

DORSEY, District Judge.

Under date of October 26, 1983, plaintiff timely objected, under Local Rules of Magistrates, Rule 2, to a recommended ruling of the magistrate dated October 18, 1983, which denied plaintiff's motion for summary judgment. This diversity action seeks a declaratory judgment that plaintiff has no duty under a motorcycle policy to defend or indemnify defendant insured, Constantine Marnel, in a pending state court action brought against him by his wife, defendant Barbara Marnel. Upon *de novo* determination, the court sustains plaintiff's objections and grants plaintiff summary judgment.

FACTS

The essential facts are undisputed. Barbara Marnel, the wife of Constantine Marnel, was injured while riding as a passenger on his motorcycle. She brought suit against her husband in state court, and the

liability insurer now seeks a declaration that Mr. Marnel's liability, if any, to his wife is not within the coverage of its policy.

Plaintiff moved for summary judgment on the ground that the clear language of the basic policy and the Guest Passenger Liability Endorsement excluded coverage for any liability for Barbara Marnel's injuries. Her opposition memorandum, adopted by Constantine Marnel and supported by his affidavit, raised no factual issue but argue that the policy language regarding coverage of liability to passengers is unconscionable and thus cannot be strictly enforced. The magistrate's recommended ruling found plaintiff's argument to be technically correct and the unconscionability argument unconvincing. To that extent the ruling is accepted and adopted. However, on the basis of the insurance law tenet of "honoring reasonable expectations" it recommended denial of summary judgment as further inquiry as to the whole contracting context might be determinative.

The Definitions Section and Part I-Liability Coverage, on page 1 of the policy, provides, under "Liability Coverages," that: "We will pay damages for which any covered person is legally liable ...." "Covered person" is defined as "you or any relative," and "you" is defined to include the insured's "spouse if a resident of the same household." "[R]elative" is defined to include a person related to the insured by marriage who lives in the insured's household. It is further provided that "we will only pay for injury to a passenger ... if a premium has been paid by you for Guest Passenger Liability and is shown on the Declarations Page."

Coverage exclusion Number 4 provides that coverage is not extended to bodily injury suffered by a covered person. Exclusion Number 5 pertaining to coverage for any person who is a passenger on the cycle is inapplicable if a Guest Passenger Liability premium is paid. The Guest Passenger Liability Endorsement, in its entirety, reads: "In return for your payment of a premium for Guest Passenger Liability coverage, we agree to pay for damages for which any covered person is liable, other than punitive damages, because of bodily injury to any passenger on your cycle, other than you or any relative."

## DISCUSSION

The magistrate found that Connecticut's well-established law required effectuation of explicit policy terms. *Horak v. Middlesex Mut. Assur. Co.*, 181 Conn. 614, 616–17, 436 A.2d 783 (1980); *Weingarten v. Allstate Ins. Co.*, 169 Conn. 502, 509–10, 363 A.2d 1055 (1975). However, the reasonable expectations inquiry, stated by Professor Keeton in *Insurance Law*, at 350 *et seq.* (1971), was held to foreclose summary judgment in the matter on the present record. Upon review of the record and the law, the court concludes that the reasonable expectations formula neither precludes consideration of the summary judgment motion nor compels the denial of the motion. As the insured has alleged no affirmative misrepresentation, the necessary construction and determination may now be undertaken in the context of a Rule 56, Fed.R.Civ.P., motion.

The reasonable expectations inquiry is borrowed from Professor Keeton's presentation of the doctrine as both a useful tool for analyzing judicial decisions construing insurance contracts and a perceivable and desirable trend in insurance law jurisprudence. *Insurance Law, supra* at 351. He phrases the doctrine as follows:

"The objectively reasonable expectations of applicants and intended beneficiaries regarding the terms of insurance contracts will be honored even though painstaking study of the policy provisions would have negated those expectations."

Connecticut law would appear to embrace this doctrine, if at all, only as an aspect of the fundamental principle that ambiguities are to be construed against the drafters of insurance policies, as well as other contracts.

"It is a basic principle of insurance law that policy language will be construed as laymen would understand it and not according to the interpretation of sophisti-

cated underwriters, and that ambiguities in contract documents are resolved against the party responsible for its drafting; the policyholder's expectations should be protected as long as they are objectively reasonable from the layman's point of view." *Cody v. Remington Elec. Shavers*, 179 Conn. 494, 497, 427 A.2d 810 (1980).

The *Cody* court found ambiguity in a policy provision and construed the policy to provide coverage for the insured. The court did not adopt the broader elements suggested by Professor Keeton as giving rise to an expectation. Connecticut law cannot be said to have embraced in its entirety a reasonable expectations principle. Thus the court's obligation to construe contract language and enforce insurance contracts in accordance with their terms, when the language is plain and unambiguous, remains intact. *Weingarten v. Allstate Ins. Co.*, 169 Conn. 502, 363 A.2d 1055 (1975). The most likely resort to reasonable expectations by a Connecticut court, and, significantly, that acknowledged to be the majority view, *Insurance Law*, supra at 351, would be as an interpretative tool where the language of a policy is ambiguous. *See, e.g., Rodman v. State Farm Mut. Auto Ins. Co.*, 208 N.W.2d 903 (Iowa 1973) (principle not applied where an ordinary layman would not misunderstand his coverage and where no circumstances attributable to the insurer foster greater coverage expectations than explicitly provided). To do otherwise risks the creation of an insuring obligation on the untrammeled assertion, after the fact, of an expectation more likely to arise from the fact of a liability claim than a truly held, *ab initio*, expectation. There is no logic nor reason to create an obligation contrary to and beyond the clear, plain language of a policy and Professor Keeton provides none. To create such would oblige a party at the whim of one whose personal interests are served by the conversion of an expectancy to a right. It would permit the rewriting of a contract by a court, without limitation except by what is reasonable for an insured to expect. There

is no more reason, logic nor justification to enlarge an insurance policy to match an insured's expectations than to permit the rewriting of any contract, on the same basis. That, this court will not do. There is logic to a reasonable expectation being used as a construction tool where there is ambiguity in policy language. This the court would permit as the rule likely to be followed by the Connecticut courts. This rule, however, is of no avail to defendants here, as there is no ambiguity to which such a rule may here be applied.

 In the absence of allegations of fraud or misrepresentation, then "it is the function of the court to construe the provisions of the contract of insurance," *Gottesman v. Aetna Ins. Co.*, 177 Conn. 631, 634, 418 A.2d 944 (1979), and to determine whether the policy as a whole is ambiguous, *Firestine v. Poverman*, 388 F.Supp. 948 (D.Conn.1975), under Connecticut's general rules of contract construction. *Cunningham v. Equitable Life Assur. Soc.*, 652 F.2d 306 (2d Cir.1981). The quoted language cannot reasonably be deemed ambiguous regarding coverage for the claim of a passenger-spouse. It is true that the policy route to the exclusion of the relative/passenger's claim is circuitous, yet it can hardly be said that a layman could not reasonably perform the cross-referencing to recognize that the exclusion of a covered person extended to a spouse. This is especially true in light of the unmistakably clear exclusion of the Guest Passenger Liability Endorsement. While one must read the applicable language carefully, having done so no reasonable mind could conclude other than that a liability claim of a passenger/relative is not covered by the policy.

Taken in its entirety or in part, the policy language can hardly lead to a reasonable understanding, much less an expectation, that liability for a passenger-spouse's injuries is within the policy coverage.

The coverage provided by the endorsement is narrowly limited to passengers who are not relatives (as defined) of the insured.

Such a limitation does not rise to a level of unconscionability or misrepresentation on the record of this case and no authority is cited by defendants to convince the court otherwise.

The policy simply and clearly does not provide coverage in this case. No reasonable expectation of the insured to the contrary could arise from the policy lanaguage, absent an ambiguity. As there is no issue of fact, the recommended ruling is reversed and summary judgment shall enter for the plaintiff.

SO ORDERED.