[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Norfolk Dedham Mutual Insurance Company ("insurer") has filed an application to vacate and Joseph Tropiano ("claimant") has filed an application to confirm an arbitration award in which the arbitrators found that the claimant was entitled to recover $314,021.53 in underinsured motorist benefits from the insurer. The insurer claims that the claimant was not entitled to coverage pursuant to the terms of the insurance contract.
It is undisputed that on May 10, 1989, the claimant was injured when his own car, being driven by Gail Holland, ran off the road and hit a utility pole. At the time of the collision in which the claimant was injured, he was an insured resident relative of a Norfolk Dedham insured. The issue is whether his claim is subject to an exclusion under the terms of the policy.
At the time of the accident the claimant lived in a household consisting of himself, his mother, his sister, and his sister's husband. The sister and brother-in-law, Catherine and John Finkel, were the named insureds of the defendant, and their policy provided for uninsured/underinsured motorist coverage in the amount of $300,000.00 per vehicle for each of three listed vehicles. The 1987 Mercury Sable in which the claimant was a passenger at the time of the collision was owned by him and was not a listed vehicle on the policy of the sister and brother-in-law CT Page 6589 but was insured by another insurance company, which paid the claimant its policy limit, $100,000.00. The claimant also recovered $50,000.00 from Holland, the driver of the car in which he was a passenger.
The insurance contract issued by Norfolk Dedham Mutual Fire Insurance Company to the claimant's sister and brother-in-law provides that the insurer
 will pay damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" because of "bodily injury."
An endorsement, PP 01541286, provides as follows:
 However, "uninsured motor vehicle" does not include any vehicle or equipment 1. Owned by or furnished or available for your regular use.
The three-member arbitration panel unanimously found the issues both of liability and coverage in favor of the claimant, and found that he was entitled to recover $314,021.53 from the insurer ($500,000.00 less $150,000.00 received from other insurance, $1,666.00 received as basic reparation benefits and $34,312.47 received from collateral sources).
The insurer has moved to vacate the award on the grounds that 1) the claimant was not a covered person pursuant to the terms of the insurance policy and 2) the award is not binding because of a policy term providing a right to trial de novo if an arbitration award exceeds the minimum coverage for bodily injury required in the state in which the claimant's covered vehicle is principally garaged.
The second issue is clearly governed by the decision of the Connecticut Supreme Court in Mendes v. Automobile Insurance Company of Hartford, 212 Conn. 652 (1989). Insurance contracts that so limit the binding effect of arbitration awards are unenforceable. id.
The first issue raised in the application to vacate the award is a coverage issue, and the arbitration of such issues must be recognized as having been compelled by 38a-336(c) C.G.S. CT Page 6590 The arbitrator's ruling on this issue is therefore subject to de novo review as to the interpretation and application of the law by the arbitrators. American Universal Insurance Co. v. DelGreco, 205 Conn. 178, 191 (1987). Construction of the contract of insurance is a question of law. Aetna Life 
Casualty Co. v. Bualong, 218 Conn. 51, 58 (1991).
The claimant's eligibility for underinsured motorist coverage depends on whether his situation comes within those defined by the contract of insurance and, if an exclusion is claimed, whether the exclusion is authorized by law. Streitweiser v. Middlesex Mutual Assur. Co., 219 Conn. 371, 377
(1991).
The exclusion set forth in the endorsement set forth above excludes from uninsured motorist coverage vehicles "owned by or furnished or available for your regular use." The definition of "your" appears at page 1 of the original policy:
Throughout this policy, "you" and "your" refer to
 1. The named insured shown in the Declarations; and 2. The spouse if a resident of the same household.
"Your" is not extended to other residents of the household of the named insured. The uninsured motorist section of the policy contains no broader definition of "you" or "your" nor is the definition altered in any of the policy endorsements. The Finkels did not own the car in which the claimant was injured, nor does the insurer claim that this car was "furnished or available for [the] regular use of" either Catherine or John Finkel.
Here, as in a very similar situation in Lawrence v. New Hampshire Insurance Co., 29 Conn. App. 484, 491 (1982), the language of the policy is clear and unambiguous, and it excludes only cars owned or regularly used by Catherine and John Finkel, not those owned by others in the household.
The insurer argues that it was authorized pursuant to insurance regulations 38a-334-6 to exclude from uninsured motorist coverage not only vehicles owned by or furnished for the regular use of the named insured but also vehicles owned by resident relatives. The fact that a more restrictive exclusion is authorized does not mean that the narrower exclusion actually CT Page 6591 stated in the contract of insurance must be construed to exclude more situations than it in fact does.
Where the language of an insurance policy is clear and unambiguous, the terms of the policy must be given their natural and ordinary meaning. Horak v. Middlesex Mutual Assurance Co.,181 Conn. 614, 616 (1980). The policy at issue is not ambiguous.
Moreover, clauses of an insurance contract that limit coverage for uninsured or underinsured motorists "must be construed most strongly against the insurer." Chmielewski v. Aetna Casualty Surety Co., 218 Conn. 646, 675 (1991), quoting American Universal Ins. Co. v. DelGreco, 205 Conn. 178, 196
(1987).
The insurer's reliance on Traveler's Insurance Co. v. Kulla, 216 Conn. 390 (1990), is misplaced. In that case, the claimant was a passenger in a vehicle owned by the named insured; and underinsured motorist benefits were found to be unavailable because of an exclusion that applied to such vehicles. Similarly, the holding in Lowrey v. Valley Forge Insurance Co.,224 Conn. 152 (1992) does not support the argument of the insurer herein. In Lowrey, the Supreme Court affirmed the trial court's denial of an application to vacate an arbitration award that denied benefits based on a clause that excluded from uninsured motorist coverage situations in which the car claimed to be uninsured or underinsured was owned by the named insured. Cases giving effect to an authorized exclusion do not support the proposition that an exclusion should be implied in an insurance contract in which it is not stated.
The application to vacate the arbitration award is denied. The application to confirm the award is granted.
Because the ruling in Lawrence was clearly applicable to the insurer's claim, the court finds an award of interest pursuant to37-3a C.G.S. to be warranted. See Middlesex Mutual Assurance Co. v. Walsh, 218 Conn. 681, 702 (1991); Lawrence v. New Hampshire Insurance Co., supra, at 498.
The insurer shall pay the claimant interest at the rate of 12% per year from the date of the award, May 6, 1993. The claimant shall recover his statutory court costs. The claimant has identified no legal basis for an award of counsel fees, and this claimed element of damages is therefore denied. CT Page 6592
Beverly J. Hodgson Judge of the Superior Court