[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
Connecticut Disability Law Clinic for plaintiff.
Henry Salton for defendant.
The defendant has filed a motion to dismiss this action in which the plaintiff seeks a declaratory judgment which would permit lay persons at day care centers to perform blood level glucose tests. At issue is whether under state law only a licensed health care professional can perform the test or whether a lay person can do so.
The plaintiff is a minor who attends a center and the defendants are the Department of Public Health and Addiction Services (DPHAS) and its Commissioner. It should be noted that counsel have represented that while this case is pending the child's health care needs are being met. CT Page 10227
The plaintiff requested the Commissioner to issue a declaratory ruling that the test could be administered by day care staff. The Commissioner responded with a letter that said in relevant part:
 "While this office does have jurisdiction to consider this request I have decided to refer this request to the State Board of Examiners for Nursing. This Board shares jurisdiction with this agency over questions regarding this application and interpretation of the statutes which govern the scope of the practice of nursing. The declaratory ruling at issue would necessarily require consideration of the application of these statutes to the circumstances specified in your request. If consideration of the request is granted by the Board, it would be able to utilize its expertise and experience to resolve this issue. For these reasons I respectfully decline to address your request. Referral of this request to the Board does not constitute a request by this agency for the Board to address the request."
Another letter to the same effect was sent to plaintiff's counsel which also indicated the request could be sent to the Connecticut Medical Examining Board.
A reasonable interpretation of these letters is that the Commissioner admits she has jurisdiction to resolve the issue but explicitly states that these Boards share that jurisdiction. The Commissioner goes on to say in effect that although the Boards have the right to refuse the request to consider the issue, if either one accept the request they have the authority to resolve the issue. The last sentence does not, as the plaintiff suggests, equivocate on the Commissioner's prior assertion that the Boards have the jurisdiction to resolve the issue if they so desire. It merely states that the Commissioner will not herself request the Boards exercise that jurisdiction but will leave the Boards to make that decision themselves based on any application the plaintiff might make to the Boards to resolve the issue.
The plaintiff did not present a request to either Board CT Page 10228 for a ruling as to the issue but proceeded to file this action for a declaratory judgment.
1.
The motion to dismiss claims that the court lacks subject matter jurisdiction because the plaintiff has failed to exhaust available administrative remedies. The parties do not appear to dispute basic principles surrounding that doctrine and its application and the defendant's brief summarizes the law in this area quite well.
A jurisdictional prerequisite to seeking relief in the courts is that all available administrative remedies must have been exhausted, Norwich v. Norwalk Wilbert Vault Co.,208 Conn. 1.4 (1988). The exhaustion requirement applies to claims for declaratory relief, see, Connecticut Life HealthIns. Guar. Assn. v. Jackson, 173 Conn. 352, 355 (1977).
The doctrine of exhaustion is based on a variety of well known considerations that have been stated so many times that a string of authorities is not necessary. For one thing, the administrative adjudication procedure, at least in the first instance, removes from already overburdened courts the responsibility of deciding many contested matters. Also there is the chance that the administrative agency process and decision many resolve the matter without the need for further court proceedings. If that is not the case, the administrative agency decision can be appealed and the work of the reviewing court is greatly reduced and the issue more efficiently joined because a record has already been developed in the administrative hearing process.
One of the primary motives in the original creation of these administrative hearing procedures was the recognition that the administrative agency often has much more expertise than a court in deciding the sometimes technical issues that come before state agencies. Thus it makes more sense for them to hear such disputes in the first instance in an attempt to resolve them and in order to build an explanatory record for a court which must handle an appeal. See generally, HousingAuthority v. Papandrea, 222 Conn. 414, 420-421 (1992) which refers to Mckart v. United States, 395 U.S. 185, 192-195 (1960), see, also, Justice Blackmun's opinion in McCarthy v. Madigan,112 S. Ct 1081 (1992). CT Page 10229
In addition to the jurisdictional principles that require an exhaustion of administrative remedies, the declaratory judgment statute sets forth certain conditions.
Section 4-175(a) of the general statutes explains the circumstances under which a party can file a declaratory judgment action in court. A declaratory ruling must be sought first and a declaratory judgment may be sought only if it is deemed no declaratory ruling will issue either by the decision of the agency or by agency inaction in the face of a request for a ruling.
2.
The plaintiff's first argument refers to Sections 4-175
and 4-176 of the General Statutes and states generally a proposition that cannot be questioned. Under those statutes person can petition an agency for a declaratory ruling. If the agency does not issue a ruling within the required period plaintiff can then seek a declaratory judgment in Superior Court. DPHAS regulations as the plaintiff notes are of course consistent with the statutory scheme, Conn. Ag. Reg. § 19-2a-31.
There is no dispute that DPHAS has jurisdiction over the issue presented; the defendant admits as much in its reply letter to the plaintiff's request for a ruling and it is responsible statutorily for the regulation of child day care centers and group day care homes, Sections 19a-77 et seq. of the General Statutes. The agency also regulates health professionals, Section 19a-14 of the General Statutes.
The plaintiff then argues that he has exhausted the administrative remedies available to him because he did request a ruling from the Commissioner but although she had jurisdiction "the Commissioner, nevertheless, twice refused to address" the plaintiff's request.
3.
There is no dispute that the Commissioner had jurisdiction to resolve the issue and that the Commissioner did not in fact do so. What the Commission did is suggest the plaintiff present the issue for resolution to two Boards that the Commissioner represented to the plaintiff could also CT Page 10230 render a decision on the issue as submitted to them, that is, issue a declaratory ruling.
The plaintiff's response is that neither of the Boards referred to by the Commissioner had the requisite jurisdiction to issue the declaratory ruling. Therefore, since the Commissioner had such jurisdiction, her failure to exercise it by making these referrals had no greater legal effect than a decision on her part to not issue a declaratory ruling for whatever reason and thus the plaintiff has met its exhaustion requirements.
The plaintiff argues that the Nursing Board and the Medical Board both lack statutory authority to issue a declaratory ruling that non-nursing day care staff can administer the test in question in this case.
As to the Nursing Board its duties are codified at Section 20-90 of the General Statutes — they involve advising the Commissioner on the training of practical nurses, visiting unaccredited nursing schools, keeping a list of various programs, hearing and deciding matters concerning suspension or revocation of licenses and adjudicating complaints against licensed practitioners.
The Medical Boards statutory authority is set forth in Sections 20-8 through 20-14k of our statutes. This Board according to the plaintiff is limited to the examination, licensure and discipline of medical practitioners.
The plaintiff then argues that since the two Boards don't have the statutory authority to issue a declaratory ruling the Commissioner's letter indicating that they do is a nullity since neither the Commissioner nor the Boards themselves can enlarge the latter jurisdiction beyond statutory provision,Lundy Electronics Systems Inc. v. Tax Commissioner,189 Conn. 694, 695 (1983).
In effect, the plaintiff seems to concede that if the Boards in fact had jurisdiction to issue the ruling by failing to present the issue to them he has failed to exhaust his administrative remedies.
4.
CT Page 10231
Neither the statutory scheme nor the regulations developed by the Commissioner prevent either one of these Boards form issuing a declaratory ruling in this case.
 A.
Who may issue a declaratory ruling under court statutes? Section 4-176 of the General Statutes says the following:
 (a) Any person may petition an agency or an agency may on its own motion initiate a proceeding, for a declaratory ruling as to the validity of any regulation, or the applicability to specified circumstances of a provision of the General Statutes, a regulation, or a final decision on a matter within the jurisdiction of the agency.
What then is an agency? Section 4-166 defines "an agency" as follows"
 "(1) "Agency" means each state board, commission department or officer authorized by law to make regulations or determine contested cases." (emphasis added).
The use of the disjunctive or would seem to indicate that a Board is an agency under the Uniform Administrative Procedure Act if it fulfills either requirement — promulgating regulations or hearing contested cases; the court has so held.Hopkins v. Pac, 180 Conn. 474, 480 (1980).
What is a "contested case"? Subsection (2) of Section (2) of Section 4-166 says the following:
 "(2) "Contested case" means a proceeding, including but not restricted to rate-making, price fixing, and licensing, in which the legal rights, duties, or privilege of a party are required by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held but dos [does] not include proceedings on a petition for a declaratory ruling . . ." (the last phrase is added to prevent the statutory language from being circular but does not prevent state boards from being agencies under the act). CT Page 10232
The Nursing Board and Medical Examining Board are certainly "Boards" within the meaning of the statutes, see Section 19a-14(b)(1) and (3). These Boards have the power to issue cease and desist orders for someone engaged in unauthorized practice of health care, Section 19a-11 or to discipline a licensee who exceeds the scope of his or her practice, Section 19a-17. These activities certainly seem to meet the definition of "contested case" in Section 4-166(2) — they involve "a proceeding including but not restricted to . . . licensing, in which legal rights, duties or privileges of a party are required by statute to be determined by an agency . . ." Thus since they are Boards that handle such proceedings they are agencies and can issue declaratory rulings pursuant to Section 4-176(a).
 B.
Even if the statutory scheme authorizes these Boards to issue declaratory rulings, is there anything in the Commissioner's regulations which prevents a party from getting such a ruling from either Board?
In light of the preceding discussion, I do not believe the Commissioner would have the power to issue such regulations or by simple failure to issue regulations deprive the Boards of their power to issue declaratory rulings, cf.Lundy Electronics Systems, Inc. v. Conn. State TaxCommissioner, supra. That need not be decided since the regulations do not seem to require the Commissioner to resolve all declaratory rulings. Conn. Agency Regulation § 19-2-31(a) says that "any interested person may submit requests to the agency for a declaratory ruling . . ." and the definition of "agency" in the regulations includes Boards such as the ones at issue in this case, see Regs. § 19-2a-2(a). Neither is there any indication that there is any DPHAS practice or procedure which contradicts the wording of the regulations. How could that be claimed in a situation where the Commissioner herself suggested the plaintiff present the issues to the Boards?
In fact, the defendant's position that these Board's can issue declaratory rulings is consistent with the purposes behind the Uniform Administrative Procedure Act and the doctrine of exhaustion of administrative remedies. These CT Page 10233 Boards, especially the Nursing Board would have a great deal of expertise that could be used to resolve the issue involved in this case since it goes to the heart of the scope of nursing practice and professional status. Boards such as these may indeed have more exact expertise than the Commissioner's office and the general agency she heads. To hold that in effect our statutes prevent the many Boards that regulate professional activity in the medical and health delivery field from issuing declaratory rulings in cases raising the proper scope of professional or lay practice would have deleterious consequences. It would strike at the policy of independent self-policing that creation of such professional Boards was certainly intended to accomplish and require that issues vital to these professions be decided by a large state agency beset by problems in a variety of often competing areas.
The motion to dismiss is granted.
Corradino, J.