[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The applicant, Allstate Insurance Company, ("Allstate"), has filed an application seeking an order requiring the defendants, Joseph Wojciechowski and Cynthia Wojciechowski ("respondents") to designate an appraiser to conduct a contractual appraisal of a claimed property loss in accordance with the provisions of an insurance contract. The respondents assert that they have complied by designating Meyer Biller as an appraiser. The applicant contends that this designation does not constitute compliance.
After a hearing, this court makes the following findings. On October 15, 1994, the respondents experienced a fire at their home at 40 Maplevale Road in East Haven. Allstate acknowledges that it insured this property against fire loss at the time.
The respondents hired Meyer Biller, a public adjuster, to represent them in connection with their claim under Allstate's policy of insurance, and they agreed in writing to pay Biller ten percent of "the amount of the loss when adjusted with the Insurance Companies or otherwise recovered." (Ex. A). Biller successfully negotiated with Allstate for payment of the portion of the claim based on lost or damaged contents, and he was paid the agreed ten percent of that recovery. CT Page 4635
After considerable acrimonious and fruitless correspondence between Biller and Allstate's claim representative, the respondents requested an appraisal proceeding with regard to their claims for damage to the building and additional living expenses. The contract of insurance at issue provides in relevant part as follows:
 If you and we fail to agree on the amount of loss, either party may make written demand for an appraisal. Upon such demand each party must select a competent and impartial appraiser and notify the other of the appraiser's identity within 20 days after the demand is received. The appraisers will select a competent and impartial umpire.
By a letter dated January 18, 1995, the respondents demanded appraisal and notified the applicant that they were appointing Meyer Biller as their appraiser. (Ex. C). Their letter contains the following statements:
 Please advise the name and telephone number of the appraiser who will be representing Allstate. I ask that your appointed appraiser be truly independent and disinterested. The appraiser appointed by your company should be free of undue influences from your company and should not have prior relationships or expect future relationships with any party who will be involved in this appraisal process.
The respondents presented the court with a document signed by them and Biller setting forth an agreement to cancel Biller's services and contingent fee arrangement for the remainder of the claim.
Allstate asserts that because Biller had been engaged in adjusting the claim and had had a financial interest in it, he was not an "impartial" appraiser within the meaning of the cited contract provision, and the respondents had, by designating him, failed to perform their contractual obligation with regard to the appraisal procedure.
The parties all agree that the contractual appraisal proceeding is akin to an arbitration and should be analyzed CT Page 4636 according to the law applicable to arbitration. As a threshold issue, the respondents claim that the applicant must proceed with the appraisal process and may move after the award to set it aside on grounds of bias pursuant to General Statutes § 52-418(a)(2). Contrary to this suggestion, the Connecticut Supreme Court has held that issues concerning procedural issues as to an arbitration may either be entrusted to the arbitrators or may be presented to a court for a judicial determination. New Britain v. ConnecticutState Board of Mediation and Arbitration, 178 Conn. 557, 560
(1979); Waterbury Board of Education v. Waterbury Teachers Ass'n.,168 Conn. 54, 62 (1975).
Contracts of insurance are to be interpreted according to the same principles that apply to other kinds of contracts. Where the language of an insurance policy is clear and unambiguous, the terms of the policy must be given their natural and ordinary meaning.Horak v. Middlesex Mutual Assurance Co., 181 Conn. 614, 616 (1980);Weingarten v. Allstate Ins. Co., 169 Conn. 502, 509-10 (1975).
The court finds that Meyer Biller was initially hired to represent the plaintiffs in negotiating with their insurer, that he initially had a financial interest in the loss, and that he engaged in a very adversarial and hostile exchange of letters with the claims adjuster, including one letter in which he made reference to a dispute between himself and the adjuster in a different case. The court finds that he cannot be viewed as "impartial" within the plain meaning of the cited contract provision.
The respondents urge that this court should interpret the contract as allowing both the insurer and the insured to designate an appraiser who is actually an advocate for their respective positions. While some arbitration clauses provide for such a procedure, such that the third arbitrator is the only truly neutral adjudicator, the actual words of the contract at issue do not, on their face, allow the appointment of advocates but limit each party to designating an impartial appraiser. The respondents, in their demand for appraisal, stated in no uncertain terms, quoted above, their expectation that Allstate Insurance Company was limited to naming an impartial appraiser. They must not expect their own choice to be subject to some lesser standard than impartiality.
The respondents have not proved that the parties agreed to submit controversies to two advocates and a neutral appraiser, and the court cannot impose on the parties arrangements common to other arbitrations but not stated in the actual contract at issue, nor CT Page 4637 may the court supply contract terms not actually included in the contract. Bank of Boston, Connecticut v. Schlesinger, 220 Conn. 152,159 (1991); Ruscito v. F. Dyne Electronics Co., Inc., 177 Conn. 149,170 (1979); 1 Restatement (Second) Contracts (1981) § 33.
The respondents cite Connor v. Peerless Insurance Co.,12 Conn. L. Rptr. 378 (1994) (McGrath, J). That opinion does not set forth the actual language of the provision for arbitration with regard to the uninsured motorist benefits at issue; however, in that ruling Judge McGrath observed that "[t]he policy calls for a three-person arbitration panel composed of an arbitrator chosen by each of the parties and a third arbitrator chosen by the two party-designated arbitrators." It thus does not appear that the contract at issue in that case specifically required each party to designate an "impartial" arbitrator, and the court inConnor can be seen as merely refusing to impose a condition not stated in the insurance contract.
Allstate seeks a court order requiring the respondents to proceed to appraisal in accordance with their contractual obligation.
The insurance contract provides that upon either the insured or the insurer making a written demand for appraisal each party "must select a competent and impartial appraiser and notify the other of the appraiser's identity within twenty days after the demand is received." Allstate has made such a demand. Its application is granted and both the applicant and the respondents are hereby ordered to select and notify each other of the identity of an impartial appraiser within twenty days of the date of this ruling.