[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION IN RE MOTION IN LIMINE RE SCRUFFY (SIC) THE DOG[1]
INTRODUCTION
Peter Ciarlo by this motion seeks to preclude the state from introducing evidence that Rex, a Labrador Retriever, on December 2, 1994 alerted to the odor of marijuana emanating from an empty cardboard box located in the garage of Ciarlo's Middlebury residence. The defendant argues that the state seeks to prove with the evidence of the dog's alert that there was marijuana in the box and that such evidence alone is not sufficiently reliable. CT Page 13086
The court, after an evidentiary hearing on November 21, 1995, concludes that the evidence of the alert by Rex is sufficiently reliable to prove that the odor of marijuana was emanating from the box in question and that such evidence is relevant to the issues presented for trial. Consequently, the motion is denied.
FINDINGS OF FACT
The court from the credible evidence finds the following facts.
Rex, a Labrador Retriever, has been trained as a "passive food reward dog" and during July of 1992 was first assigned to his handler, Trooper Thomas Bennett of the Connecticut State Police. In 1992, Rex and Bennett were initially trained for approximately three weeks and since that time they have participated in in-service training programs of two to three days approximately every three months. These training and retraining programs and also the daily handling of Rex is based upon the Pavlovian principle. Thus, from the moment that Rex began his training, he has never been fed except upon a response or an alert to the odor to cocaine, heroin, or marijuana. Since completing the initial training in 1992, Rex, when he smells cocaine, heroin or marijuana gives a primary alert by sitting in front of the container of the illegal drug and may become excited because he is trained to associate one of the three odors with food. During these training programs, Rex is not fed unless he alerts to the odor of one of the three substances. Also, on a daily basis with Trooper Bennett, Rex is tested with the use of containers of the three illegal substances and additional containers of so-called distractors, substances not one of the three illegal drugs. When Rex alerts to one of the illegal drugs during this daily procedure, he is fed. Thus, the dog, is constantly tested and observed for accuracy in the testing/feeding procedures. Throughout the training programs; during the daily feeding process with Bennett; and while on actual searches, Rex has never falsely alerted.
In 1992, at the completion of the initial training program, Rex was certified and has been recertified with his handler, Trooper Bennett, periodically since that time. Prior to the search in this case during December of 1994, Rex and the trooper were recertified during September of 1994. CT Page 13087
Trooper Bennett has been a law enforcement officer for over twelve years and in his career has made numerous arrests for marijuana violations. During the past three years, he has been assigned to the Statewide Narcotic Task Force as an investigator and dog handler. While working with Rex, Bennett has confirmed the accuracy of his dog's alerts in a limited number of cases with state lab testing results of the illegal substances alerted to by Rex. With these comparisons, Rex's alerts have also been confirmed accurate.
On December 2, 1994, while Trooper Bennett and Rex were searching the Ciarlo home in Middlebury, Rex alerted on two occasions: once at a safe located on the first floor of the residence; and then at the empty cardboard box in the Ciarlo garage. After Rex alerted in the garage, Bennett inspected the box; found it to be empty; but, he, too, detected a very strong odor of marijuana emanating from the cardboard box. Marijuana has a distinctive odor.
CONCLUSIONS OF LAW
We conclude that the state has proven the reliability of Rex for us to admit the evidence of the dog's alert in the Ciarlo garage as well as the accompanying interpretive opinion of the such evidence by his handler, Trooper Bennett. State v.Wilson, 180 Conn. 480, 488-91 (1980); United States v. Ludwig,10 F.3d 1523, 1527-28 (10 Cir. 1993); United States v. Diaz,25 F.3d 392, 395 (6 Cir. (1994); United States v. Taylor, 898 F.2d 805
(D.C. Cir. 1990); but compare the history of the dog, Kane, in the Second Circuit: United States v. Waltzer, 682 F.2d 370,371-74 (2 Cir. 1982), (a perfect record) with the United Statesv. Young, 745 F.2d 733, 756 (2 Cir. 1984) where Kane gave a false positive.
In this case, the factual record demonstrates that Rex has a perfect record for accuracy in detecting the odor of marijuana. Interestingly, Trooper Bennett also detected the distinctive odor of marijuana coming from the box in the Ciarlo garage and his opinion evidence is admissible to prove, as is Rex's alert, that the box was the source of a marijuana odor.State v. Arpin, 188 Conn. 183, 195 (1982); United States v.Arrasmith, 557, F.2d 1093, [557 F.2d 1093], 1094 (1977). Thus, the reliability of Rex's alert on December 2, 1994 in the Ciarlo garage is corroborated by Trooper Bennett's sniff. CT Page 13088
The motion is denied.
An order may enter accordingly.
/s/ William Patrick Murray, J. ----------------------------- WILLIAM PATRICK MURRAY A Judge of the Superior Court