[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JUNE 10, 1997
This administrative appeal raises the issue of whether the state can intercept a federal and/or state tax refund to apply to past due child support when the obligor is in compliance with court ordered support and arrearage payments. The Court finds that the state is statutorily authorized to make such intercept.
The factual scenario is undisputed. In January of 1995 a paternity action was initiated alleging that the Plaintiff was the father of a child born in October of 1985. The child and her mother were recipients of Aid to Families with Dependent Children (AFDC); and assigned their support rights to the state on May 22, 1995. Genetic testing established paternity and the Plaintiff was adjudicated to be the father. On January 30, 1996, the child support order was established at $55 per week plus $5 per week to the state on the $9,515 arrearage.[1]
The Plaintiff has complied with his court ordered support obligation, both as to current support and arrearage payments. CT Page 6259
The Department of Social Services is the state agency designated to administer the state child support enforcement plan pursuant to Title IV-D of the Social Security Act. General Statutes § 17b-2.
General Statutes § 52-362e(a) and (b) authorizes the state to offset the tax refunds of child support obligors in AFDC cases when the obligor owes "past due support" of $150 or more.[2]
The case is resolved by construction of the "past due support" language of § 52-362e(a) and (b). The Plaintiff claims that "past due support" means support which is past due or delinquent under a court order. The state claims that "past due support" contemplates any child support arrearage.
The statute at issue is one component of a comprehensive child support enforcement plan mandated by Title IV-D of the Social Security Act, 42 U.S.C. § 651 et seq. In addition to the tax return intercepts (§ 52-362e(a) federal returns, §52-362e(b) state returns): there are special income withholding provisions (§ 52-362f), a property lien statute (§52-362d), and a lottery prize lien (§ 52-362d(c)). The 1974 amendments to the Social Security Act by adding Title IV-D, were intended to create federal standards of child support enforcement because of the failure of the states to enforce child support obligations (42 U.S.C. § 651). The tax intercept provisions at issue here were liberalized in 1981, (45 C.F.R. § 303.71
(c)(1)-(2)) to reduce the amount of past due support from $750 to $150 (in Title IV-D cases) and facilitate the enforcement process. The Child Support Enforcement Amendments of 1984 were designed to further facilitate support collection. See statement of Rep. Snowe, 129 Cong. Rec. H9976 (November 16, 1983). Our Supreme Court has noted "Since 1984, the United States Congress has actively encouraged states to take measures to assure that children receive adequate financial support from their parents, thereby reducing government expenditures for support of children." Turner v. Turner, 219 Conn. 703, 713 (1991).
Congress again acted to facilitate child support enforcement with the Family Support Act of 1988, Public Law 100-485, codified as 42 U.S.C. § 666, et seq.
In response to the federal legislation the state legislature has enacted an extensive scheme of child support determination CT Page 6260 and enforcement. See Public Acts 85-548, 86-359, 89-203, 90-213, 91-391, 91-253, 93-262, 93-396, 94-5, 95-305, etc.
It is unquestionably the clear public policy of the state to facilitate the collection of child support, especially where the state has been supporting the child. Turner v. Turner, supra,219 Conn. 713. Policy determinations "repose exclusively" with the legislature and "are not a function of the judicial branch."Mercado v. Commissioner of Income Maintenance, 222 Conn. 69, 77
(1992); Favrow v. Varvas, 222 Conn. 699, 716 (1992).
In construing a statute the courts look to the policy it was designed to implement. United Illuminating Co. v. Groppo,220 Conn. 749, 755 (1992). Further, it is well settled that when statutory language is clear and unambiguous its meaning is not subject to modification by construction. Thibeault v. White,168 Conn. 112, 115 (1975).
The term "past due" support is not defined in the statute; but has a clear meaning of an obligation which should have been met at an earlier time. The Plaintiff urges a modification of the plain meaning to condition past due status to amounts accrued since the support order was entered by a court. The failure of this argument is apparent in the review of the legislative history. Prior to the enactment of Public Act 1992, No. 92-253, § 5, 52-362e(b) (non-AFDC tax intercept child support statute) contained the following underscored conditional language:
 and the past-due support of five hundred dollars or more accrued since the support order was payable to the commissioner of administrative services directly or through the support enforcement unit of the division of the superior court . . .
The underscored portion was eliminated by P.A. 92-353, § 5.
 It is a basic tenet of statutory construction that the legislature "did not intend to enact meaningless provisions. Turner v. Turner, 219 Conn. 703, 713 595 A.2d 297 (1991). Accordingly, care must be taken to effectuate all provisions of the statute. See Pintavalle v. Valkanos, 216 Conn. 412, 418, 581 A.2d 1050 (1990) ("[a] statute should be read as a whole and interpreted so as to give effect to all of its CT Page 6261 provisions"); Hopkins v. Pac, 180 Conn. 474, 476, 429 A.2d 952 (1980) (it is a "well established principle that statutes must be construed, if possible such that no clause, sentence or word shall be superfluous, void or insignificant") . . . "It is an axiom of statutory construction that legislative intent is to be determined by an analysis of the language actually used in the legislation." Vaillancourt v. New Britain Machine/Litton, 224 Conn. 382, 391, 618 A.2d 1340 (1993) . . .
Bridgeport Hospital v. Comm. on Human Rights Opp.,232 Conn. 91, 100-01 (1995).
The language of § 52-362e(b) prior to the 1992 amendment (P.A. 92-253) establishes that the legislature clearly was able to limit past due support to instances of violation of specific court order when it wished to.
This is also evident in the statute relating to reports on child support debtors (§ 52-362d(b)).[3]
Also, see General Statutes § 46b-220 where license revocation follows child support delinquency after the entry of the court order.[4] The tax intercept statutes at issue here are analogous to the lottery winning child support recoupment statute, General Statutes § 52-362d(c). This statute also has no reference to past court order accrual.
The rationale of the policy to provide for tax intercepts of past-due support even when there is compliance with a court ordered payment plan is apparent from a review of the facts of this case.
The child at the time of the court order was approximately ten years of age. The $9,515 arrearage, at the $5 a week repayment rate, will remain in excess of $7,000 when she reaches the age of majority.
The Plaintiff relies on the decision in Neistat v. Departmentof Human Resources, Superior Court judicial district Hartford-New Britain at Hartford, Docket No. 522974 (April 4, 1995) (Barall, J.). Neistat focuses on the role of the Family Division of the Superior Court in setting and monitoring arrearage repayments, the legislative history and a policy of limiting such remedies to CT Page 6262 "deadbeat" parents.
This Court feels constrained to follow the clear meaning of "past-due" support; and not modify by construction such clear legislative expression.
Where the legislature has specifically added such limitation in other statutes; it is not for the court to insert such modification, where the legislature has chosen not to.
The policy argument is at least as strong that alternative remedies are available to facilitate the recoupment of past-due support; especially as in this case, where the support was provided by the state. It is not consistent with the purpose of the extensive federal child support enforcement legislation to assert that the state family courts do a sufficient enforcement function. The federal and state legislation was specifically prompted by a legislative determination that family courts were not doing enough to collect child support. Turner v. Turner,supra, 219 Conn. 713-14.
The Plaintiff is hardly in a position morally, equitably or legally to protest the tax refund intercepts. His child and her mother were supported by public welfare for years. His obligation is limited to three years prior to the paternity action filing. General Statutes § 46b-160. Thus in this case the Plaintiff contributed nothing for the child's first six years of life.
The Court's construction would also accord with explicit state regulations.[5] An agency's regulations are presumed to be valid and unless demonstrated to be inconsistent with the authorizing statute, are presumed to have the force and effect of the statute. Travelers Ins. Co. v. Kull, 216 Conn. 390, 399
(1990), Cameron v. Alander, 39 Conn. App. 216 (1995). The legislature authorized the Commissioner of the Department of Social Services to adopt implementing regulations. Section52-362e(c). The construction of a statute by the agency charged with its enforcement is entitled to deference by the courts. Crocettv. Lynn Development Corp., 223 Conn. 376 (1992). The State's construction of § 52-362e is reasonable and entitled to such deference.
The Plaintiff's appeal is dismissed.
McWEENY, J. CT Page 6263