[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON COSTS
The plaintiff, who prevailed in a jury trial, obtaining a verdict in her favor on May 4, 2000, has submitted a Bill of Costs in which she seeks to recover various costs. The defendant has filed an objection to some of those costs.
Proceedings Before Trial
The plaintiff seeks to recover $275 pursuant to Connecticut General Statutes § 52-257 (a)(2), which provides "for the trial of an issue of law or fact, seventy-five dollars, but if more than one issue of fact is tried at one time, only one trial fee shall be allowed." The defendant is correct that § 52-257 (a)(2) limits recovery to $75. However, § 52-257 (a)(3) provides "in difficult or extraordinary cases in the Superior Court, where a defense has been interposed, a further allowance, in the discretion of the court, not to exceed two hundred dollars." While this case did not present extraordinary legal issues, it did involve the testimony of five expert witnesses and, therefore, the court finds that it was extraordinary enough to justify the two hundred dollar amount contained in 257(a)(3). The objection to the amount of $275 is overruled
Expert fees
The plaintiff seeks to recover $2,400 for the fee of Dr. Philip Arnold, $2,062.50 for Dr. Mark O'Malley, a chiropractor, and $1,612.50 for Dr. Logan Green, a neuropsychologist. Connecticut General Statutes § 52-260 allows a party to recover a reasonable fee to be paid to a practitioner of the healing arts. The defendant argues that the fee of Dr. Arnold was not reasonable because it was not based on the time he spent in court, but instead on a flat fee of $2400 which was the same regardless of whether he spent five minutes or five hours in court. The court agrees that Dr. Arnold's fee was unreasonable and allows a fee for Dr. Arnold in the amount of $1600.
There was no evidence offered at trial as to the amount charged by Dr. O'Malley and the defendant argues that the court should allow either no fee, or a reduced fee. The court finds that the amount of $1200 is a reasonable fee for Dr. O'Malley.
The defendant argues that Dr. Green is not entitled to any fee under § 52-260 because he is not a "practitioner of the healing arts" within the meaning of the statute. Section 52-260 provides:
 When any practitioner of the healing arts as defined in section 20-1, dentist, registered nurse or licensed CT Page 9250 practical nurse, as defined in section 20-87a, or real estate appraiser is summoned to give expert testimony in any action or proceeding, the court shall determine a reasonable fee to be paid to the practitioner of the healing arts, dentist, registered nurse or licensed practical nurse. . . .
Connecticut General Statutes § 20-1 (as amended byP.A. 99-102) defines "healing arts" as:
 The practice of the healing arts means the practice of medicine, chiropractic, podiatry, natureopathy and, except as used in chapters 384a and 388, and sections 19a-16a to 19a-16c, inclusive, the practice of optometry.
"[I]t is a settled principle of our common law that parties are required to bear their own litigation expenses except as otherwise provided by statute." M. DeMattec Construction Co. v. New London,236 Conn. 710, 715 (1996); Verrastro v. Sivertsen, 188 Conn. 213, 217
(1982). Because costs are the creatures of statute, unless the statute clearly provides for them, courts cannot tax them. DeMatteo ConstructionCo. v. New London, supra; Audubon Associates Limited Partnership v.Barclay Stubbs, Inc., 225 Conn. 804, 814 (1993).
Since a neuropsychologist is not a practitioner of the healing arts as defined in § 20-1, the plaintiff cannot recover for the fees of Dr. Green.
Photographs
The plaintiff claims an expense for photographs pursuant to Connecticut General Statutes § 52-257 (b)(5) in the amount of $109.39, which the court will allow.
Copies of records used in Evidence
The plaintiff claims expenses for charts ($69.75) and a transcript of Dr. Barnett's testimony ($133.56) pursuant to Connecticut General Statutes § 52-257 (b)(6). The defendant has objected to these costs because § 52-257 (b)(6) applies to "copies of records used in evidence," and the charts and transcript in question were used only in final argument and not introduced into evidence. The court agrees with the defendant and sustains the objection to those costs.
The plaintiff also claims expenses pursuant to § 52-257 (b)(6) for CT Page 9251 medical records for New Britain General ($9.85), Dr. Berland ($125), Hunter Ambulance ($.77), Dr. Messinger ($75), and Dr. Kosofsky ($90). The defendant argues that the expenses for the physicians' records are not permitted by statute. Public Act 93-316 provides that hospitals or medical records services can charge only sixty-five cents per page of all medical records and physicians can charge only forty-five cents per page. The reports of Dr. Berland and Messinger were each two pages in length, warranting a charge of only $.90 each, and the report of Dr. Kosofsy totaled six pages, for which the allowable charge was $2.70. The court awards $15.12 as the total amount for medical records.
Section 52-257 (b)(7) provides that "Parties shall also receive: . . . (7) for the signing and service of process, the legal fees payable therefor, except that a fee shall not be allowed for the return of a subpoena to court." The defendant has cited Pajor v. Town ofWallingford, 1996 WL 456371 (Conn.Super. 1996, Hodgson, J.) to support the position that § 52-257 (b)(7) does not allow recovery of sheriffs' fees for the service of subpoenas. However, in Pajor, the plaintiff relied only on § 52-257 (b)(1) and not on § 52-257
(b)(7).
Under accepted principles of statutory construction statutes must be construed, if possible, such that no clause, sentence or word shall be superfluous, void or insignificant. Cagiva North America v. Schenk,239 Conn. 1, 11, 680 A.2d 964 (1996); Hopkins v. Pac, 180 Conn. 474,476, 429 A.2d 952 (1980); General Motors Corp. v. Mulquin, 134 Conn. 118,126, 55 A.2d 732 (1947). Under the defendant's interpretation of §52-257 (b)(7), that is, that that section does not allow for fees and costs for service of subpoenas, the phrase "except that a fee shall not be allowed for the return of a subpoena to court," would be superfluous. The meaning of § 52-257 (b)(7) appears to be that costs for service of process, including service of subpoenas, may be recovered, except that there is no recovery allowed for return of a subpoena to court. There are no subpoenas in the court file and, therefore, it appears that the fees for the service of the subpoenas in question do not include a fee for return of the subpoenas to court. The court will allow the amounts claimed by the plaintiff for the service of subpoenas.
Service of Process fees and Investigative costs
The defendant objects to the claimed amounts for service of process ($92.20) and investigative fees (statutory maximum $200 is sought, plaintiff to have incurred the amount of $266.28) because the plaintiff has submitted no documented costs. Those amounts appear to be reasonable and the court can trust that as a commissioner of the superior court, the plaintiff's counsel has presented the court with valid costs. The court CT Page 9252 will allow those amounts.
The court allows costs in the amount of $4,106.32.
By the court,
Aurigemma, J.